## C. L. ANDERSON, RESPONDENT, v. ADOLPH DE URIOSTE, APPELLANT.

STREET LAW APPLICABLE TO SAN FRANCISCO — CONSTRUCTION OF SEWER — RESOLUTION OF INTENTION — PERIOD OF PUBLICATION. — The general street law of March 18, 1885, as amended in 1889, requiring the reso- lution of intention to do street-work to be published and posted for two days only, superseded the Consolidation Act, and became the governing law of the city and county of San Francisco as to all matters provided for; and a resolution of intention to construct a sewer within the city limits, published and posted as required by the act of 1885 as amended, is not insufficient because not published and posted for five days, as required by the Consolidation Act.

ID. — EXTENSION OF TIME — MISNOMER OF CONTRACTOR — IDENTIFICATION OF CONTRACT. — An extension of time, by the superintendent of streets, for the construction of a sewer, which refers to the contract by num- ber and specifies the streets and work to be done as described in the contract, is not invalid because of an error in naming the contractor in the resolution of the board of supervisors authorizing the extension to be granted, where the resolution also specifies the streets and the nature of the work with sufficient certainty to identify the contract.

ID. — ASSIGNMENT OF CONTRACT — CONSENT OF MUNICIPAL OFFICERS — RIGHTS OF ASSIGNEE — STREET-ASSESSMENT LIEN. — A contract for street-work may be assigned by the contractor, whether the officers of the munici- pality consent to the assignment or not, and if the assignee completes the work within the time allowed therefor, he may foreclose the lien of a street assessment for the work.

ID. — TRANSFER OF BURDEN OF OBLIGATION — CONSTRUCTION OF CODE. — Section 1457 of the Civil Code, providing that the burden of an obligation may be transferred with the consent of the party entitled to its benefits, but not otherwise, except in certain cases, does not forbid the assump- tion by a third person of the obligations of a contract between other parties, but merely forbids the relieving of a party thereto from his ob- ligations without the consent of the creditor.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Sullivan & Sullivan,* for Appellant.

*J. C. Bates,* for Respondent.

BELCHER, C. — This is an action to foreclose the lien of a street assessment upon a lot on Oak Street, in the city of San Francisco.   The assessment was for the con-

struction of a brick sewer with man-holes on Oak Street, from the westerly line of Cole Street to Baker Street, and the complaint alleges that all the proceedings leading up to the assessment were duly had and taken under and in pursuance of an act of the legislature entitled "An act to provide for work upon streets, lanes, alleys, courts, places, and sidewalks, and for the construction of sewers within municipalities," approved March 18, 1885, and an act amendatory thereof and supplementary thereto, approved March 14, 1889.

The defendant, by his answer, denied all the averments of the complaint, except that he was the owner of the lot assessed at all the times mentioned in the complaint.

The court below found all the averments of the complaint to be true, and gave judgment for the plaintiff. The defendant appealed from the judgment, and has brought the case here on a bill of exceptions.

1. It is claimed by the appellant that the resolution of intention to do the work, passed by the board of supervisors, was not published for five successive days, as required by the Consolidation Act, before the final order was made, and hence that the board never acquired jurisdiction to make the order.

The answer is, that the act of March 18, 1885, was a general street law, and was in force in the city and county of San Francisco from the date of its passage. (*Thomason* v. *Ashworth*, 73 Cal. 74.) It, therefore, as to all matters provided for, superseded the Consolidation Act and became the governing law of the city. As amended in 1889, it authorized, among other things, steps to be taken for the construction of sewers in streets, and required that the resolution of intention to order the work to be done should be published and posted for two days only. This proceeding was commenced and carried on under the provisions of that act, and it is alleged and found that the resolution of intention was published and posted as required by it. The

board acquired jurisdiction, therefore, to make the order that the work be done.

2. It is also claimed that the work was not completed within the time limited in the contract, and that the assessment was therefore void. The contract to construct the sewer was awarded to one J. J. O'Connor, and was executed by him and the superintendent of streets on April 14, 1890. It was indorsed " Street contract No. 756," and required that the work be commenced within fourteen days and completed within ninety days after its date. On June 9, 1890, the board of supervisors passed a resolution numbered 3557, directing the superintendent of streets to grant " the following extensions of time on contracts for the performance of street-work: .... To O'Brien and Belser or assigns, ninety days on their contract to construct a brick sewer, etc., in Oak Street, from Baker to Cole Street." On the next day, the superintendent of streets attached to the contract an extension as follows: —

" In accordance with resolution No. 3557, Third Series, passed the ninth day of June, 1890, I hereby grant and attach to street contract No. 756, for sewering, etc., Oak Street, from Cole to Baker Street, ninety (90) days' additional time for the completion of said work, this tenth day of June, 1890.

" THOMAS ASHWORTH,
" Superintendent of Public Streets, Highways, and
 Squares."

. The street law authorized the superintendent to fix the time for the commencement and completion of the work under all contracts entered into by him, and to extend the time so fixed, " under the direction of the city council." (Sec. 6.).

It is objected that the superintendent was not authorized to make the extension here, because in the resolution of the board O'Brien and Belser were named as the contractors, and not O'Connor. But the direction was to extend the time " to construct a brick sewer, etc., on

Oak Street, from Baker to Cole Street," and the extension granted was to complete the contract to do that particular work. There was an error in the name of the contractor, but we do not think the error such a material one as would render the extension ineffectual. One of the maxims of the law is, that " an error in the name is nothing, when there is certainty as to the thing." (Broom's Maxims, " *Nihil facit error nominis,*" etc.)

In *Gillis* v. *Cleveland,* 87 Cal. 214, it was held that, under the statute, a warrant signed by the superintendent of streets and countersigned by the mayor of the city must be attached to the assessment, and that the warrant and assessment must, in order to create a lien upon the property charged, be recorded, but that the omission in the record of " the name of the mayor and the designation of his office " was immaterial. And in *Ede* v. *Knight,* 93 Cal. 159, where the certificate of extension stated that the additional time was granted in accordance with a resolution passed on a certain day, giving it a wrong number, it was held that the error was immaterial.

3. On May 2, 1890, O'Connor assigned his contract to the plaintiff, and the latter proceeded to fully complete the work to be done under it within the time allowed therefor. It is claimed by appellant that the contract was not legally assigned, and hence that the plaintiff never acquired any rights under it. In support of this position, section 1457 of the Civil Code is cited. That section is as follows: " The burden of an obligation may be transferred with the consent of the party entitled to its benefit, but not otherwise, except as provided by section 1466."

We find nothing in the record showing that the assignment was not consented to by the proper officers of the municipality and by the defendant; but assuming that it was not, the question is, Was it inhibited and rendered void by the section cited?

In a note to the section, found in the annotated edition of the code, by the code commissioners, it is said:

"It is not meant by this section to imply that a third person cannot assume the obligations of a contract between other parties, but only that he cannot relieve a party thereto from his obligations without the consent of the creditor." We think this the correct construction of the section, and it was, in effect, so held by this court in *Cutting Packing Co.* v. *Packers' Exchange,* 86 Cal. 574; 21 Am. St. Rep. 63.

In *Taylor* v. *Palmer,* 31 Cal. 241, the question was raised whether a contract to perform work on a street in San Francisco could be assigned, and it was held that it could, and that the assignee, if he fulfilled the conditions of the contract, could enforce it. That decision is, in our opinion, applicable to the facts of this case, and should be followed.

No other points are made in the case, and it follows from what has been said that the judgment should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

SHARPSTEIN, J., DE HAVEN, J., McFARLAND, J.