[L. A. No. 710.   Department One.—October 4, 1900.]

ALBERT HADLEY, Respondent, v. I. Q. DAGUE, Appellant.

STREET IMPROVEMENT — TIME FOR COMPLETION OF WORK — EFFECT OF APPEAL—SETTING ASIDE ACCEPTANCE—JURISDICTION TO EXTEND TIME. An appeal taken to the city council before the expiration of the time allowed to complete a street improvement, and after the work has been accepted as complete, operates to suspend the running of the time originally allowed, and, upon the city council setting aside the acceptance, it has jurisdiction to extend the time for the final completion of the work.

ID.—ASSIGNMENT OF CONTRACT—COMPLETION OF WORK BY ASSIGNEE—ASSESSMENT AND WARRANT.—The contractor may assign the contract before the completion of the work, and where the work is completed by the assignee, the warrant accompanying the assessment may run in favor of the assignee named therein as assignee of the original contractor also named, and such assignee may demand and enforce the assessment.

ID.—REFERENCE TO BONDS IN WARRANT—DESCRIPTION AND NOTICE.— Where the resolution of intention showed that the cost of the improvement would exceed one dollar per front foot, and that serial bonds would be issued to cover the cost under the provisions of the act of 1893, a reference to the bonds in the warrant giving a general description of them as "serial bonds bearing interest at the rate of six per cent per annum and extending over a period of ten years from their date of issue, to represent the cost and expenses of the work described in the assessment, and in the manner and form prescribed by law," and giving the notice provided for in the act of 1893 relative to the issuance of a bond of fifty dollars or more to represent each assessment, etc., shows a sufficient compliance with that act.

ID.—DIRECTIONS BY COUNCIL—COMPLETION OF WORK—SUPERVISION OF COUNCIL—ACTION OF SUPERINTENDENT—NEW ASSESSMENT.—Where the city council upon appeal, after vacating the acceptance of the work by the street superintendent and a former assessment based thereon, directed the contractor to complete the work required by it "under the direction of the city council," and that when so done the superintendent should accept the work, and issue a new warrant, assessment, and diagram, such directions are in strict compliance with section 11 of the street improvement act.

Id.—Acceptance of Work—Indorsement by Superintendent Upon New Assessment.—Where the completed work was accepted by the council, and the formal acceptance of the superintendent appeared upon the face of the new assessment, authenticated by his signature, his indorsement upon the assessment stating that the work was performed under the supervision of the council and accepted by it, and not under his control or supervision, and was not accepted by him, and that he disclaimed all responsibility for the work, and signed and delivered the assessment and warrant upon the order and authority of the council, cannot qualify his formal acceptance of the work, and is not inconsistent with the proper directions of the council.

Id.—Record by Superintendent—Prima Facie Evidence—Record Presumed.—The street improvement act does not require that the evidence of the recording of the warrant, assessment, and diagram and certificate of the engineer in the office of the superintendent of streets shall be offered as a part of the *prima facie* evidence sufficient to entitle the plaintiff to recover; but the *prima facie* character given to those documents, together with the affidavit of demand and nonpayment, includes the proper recording of the instruments required to be recorded, if there is no evidence to show the contrary.

Id.—Certificate of Engineer not Showing Record.—The fact that the certificate of the engineer offered in evidence does not show that it was recorded cannot vitiate it, in the absence of evidence tending to show that the certificate was not recorded.

Id.—Construction of Resolution of Intention—Cost of Work—Intersections—Finding by Board—Presumption.—A resolution of intention in which it is found that the cost of the improvement will be more than one dollar per foot along each line of the street, "including the cost of intersections," must be construed as referring to the "cost of intersection work assessable upon said frontage," and where there is nothing in the record to show that the finding of the board that the cost of the improvement would exceed one dollar per front foot was not based upon a proper calculation, it must be presumed that it was so based, the *prima facie* evidence of the plaintiff's case not being overcome.

Id.—Finding Made in Resolution—Separate Ordinance not Required. The finding as to the cost of the improvement was properly embodied in the resolution declaring the intention of the board to order the improvement, and need not be embodied in a previous separate ordinance finding such cost.

Id.—Constitutionality of Street Improvement Act—Apportionment of Expense According to Frontage—Benefit from Work.—The street improvement act, in providing for apportioning the expense of a street improvement according to the frontage of the lots along the street, is constitutional and valid. It is to be

deemed a legislative declaration that the property within the district improved will receive a benefit from the improvement in proportion to its frontage upon the work; and in the absence of any facts showing that a particular assessment, so based, is unjust and not according to benefits, the statute in its application thereto cannot be deemed unconstitutional, and it is the duty of the court to uphold the assessment.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Walter Van Dyke, Judge.

The facts are stated in the opinion of the court.

Barclay & Camp, for Appellant.

The complaint states no cause of action because it appears therefrom that the work was not completed within the time fixed by the contract or any legal extension of such time. (*Beveridge v. Livingstone,* 54 Cal. 54; *Raisch v. San Francisco,* 80 Cal. 1.) The issuance of the restraining order did not interrupt the running of the time. (*Klauber v. San Diego Ry. Co.,* 95 Cal. 353; *Remy v. Olds,* 88 Cal. 537; *Reid v. Edwards,* 7 Port. 508; *People v. Bartlett,* 3 Hill, 570.[1]) The complaint states no cause of action, because the warrant runs to the Western Contracting and Construction Company and not to John T. Long, the contractor. (*Palmer v. Burnham,* 120 Cal. 364; *Taylor v. Palmer,* 31 Cal. 240.) A lien is assignable, but a right to have a lien is not. (*Mills v. La Verne Land Co.,* 97 Cal. 254[2]; *McCrea v. Johnson,* 104 Cal. 224; *Rauer v. Fay,* 110 Cal. 361, 367.) The assessment on its face disproves the allegation that the work was done under the direction of or to the satisfaction of the street superintendent. (Vrooman Act, secs. 6, 8, 11; *Williams v. Bergin,* 108 Cal. 166, 169; *Witter v. Bachman,* 117 Cal. 318; *Gray v. Lucas,* 115 Cal. 430.) The evidence is not sufficient to make out a case, because the engineer's certificate bears no indorsement of recordation. (*Witter v. Bachman, supra.*) The evidence is not sufficient to make out a case, because it appears that the council made no sufficient finding relative to the cost of the work. (Bond Act, Laws 1893,

---

[1] 31 Am. Dec. 720.          [2] 33 Am. St. Rep. 168.

CXXX. Cal.—14

p. 33; *Warren v. Chandos,* 115 Cal. 382; *Dehail v. Morford,* 95 Cal. 460; *In re Grove Street,* 61 Cal. 438, 448-50; *Lake Co. v. Sulphur etc. Co.,* 66 Cal. 17; *Emeric v. Alvarado,* 90 Cal. 444, 465, 466; *Brock v. Luning,* 89 Cal. 316; *People v. Sierra etc. Co.,* 39 Cal. 511, 515, 516; *People v. Hollister,* 47 Cal. 408; *Shepard v. Colton,* 44 Cal. 628; *Donnelly v. Tillman,* 47 Cal. 40; *Donnelly v. Marks,* 47 Cal. 187; *Reis v. Graff,* 51 Cal. 86; *Haskell v. Bartlett,* 34 Cal. 281.) The Vrooman act is in conflict with the fourteenth amendment to the constitution of the United States, in not requiring an assessment in proportion to benefits. (*Norwood v. Baker,* 172 U. S. 269.)

Dunn & Cruther, and White & Monroe, *Amici Curiae.* for Appellant.

The assessment is unconstitutional and void, in not making the assessment in proportion to benefits, and in taking property without due process of law or equality of burden. (*Norwood v. Baker,* 172 U. S. 269; *State v. Mayor etc. of Newark,* 37 N. J. L. 416, 420-23[3]; Cooley's Constitutional Limitations, 495; *Exchange Bank v. Hines,* 3 Ohio St. 1, 15; Dillon on Municipal Corporations, sec. 761; *Allen v. Drew,* 44 Vt. 174; *Tidewater Co. v. Coster,* 18 N. J. Eq. 519[4]; *Yealman v. Crandall,* 11 La. Ann. 220; *Taylor v. Palmer,* 31 Cal. 241; *Holley v. County of Orange,* 106 Cal. 420; *Fay v. Springfield,* 94 Fed. Rep. 409; *Violett v. Alexandria,* 92 Va. 561[5]; 31 L. R. Ann. 382; *Davidson v. New Orleans,* 96 U. S. 104; *Zeigler v. South etc. Ry. Co.,* 58 Ala. 594; *Stuart v. Palmer,* 74 N. Y. 191[6]; *County of Santa Clara v. Southern Pac. R. R. Co.,* 18 Fed. Rep. 411; *Scott v. Toledo,* 36 Fed. Rep. 385.)

Jones & Weller, and Finlayson & Finlayson, for Respondent.

The time for completion of the work was suspended by the appeal and the extension of time by the council was valid. The time during which the injunctive order was in force cannot be counted as part of the time allowed. (*Wakefield v. Brown,* 38 Minn. 361.[7]) The assignment by the contractor was valid.

[3] 18 Am. Rep. 729.

[4] 90 Am. Dec. 634.

[5] 53 Am. St. Rep. 825.

[6] 30 Am. Rep. 289.

[7] 8 Am. St. Rep. 671.

(Civ. Code, secs. 1044, 1083, 1084, 1458; *Taylor v. Palmer,* 31 Cal. 241; *Hendrick v. Crowley,* 31 Cal. 472; *Himmelman v. Reay,* 38 Cal. 163.) The law requires the work directed on appeal to be done to the satisfaction of the council. (Vrooman Act, secs. 8, 11; Stats. 1899, p. 168.) It does not make the recorded certificate of the engineer, or any certificate of recordation, a part of plaintiff's *prima facie* evidence, but the recordation must be presumed from the *prima facie* case. (Vrooman Act, sec. 12.) The plaintiff having made a *prima facie* case, and there being no evidence to the contrary, the judgment should be affirmed.

HARRISON, J.—Action upon a street assessment. The common council of the city of Los Angeles passed an ordinance for the improvement of Main street in that city, between Ninth and Thirty-seventh streets. Plans and specifications, together with an estimate of the cost of the work, were furnished by the city engineer prior to the passage of the resolution of intention, and in that resolution the city council declared that it found upon such estimate that the cost of the improvement would be greater than one dollar per front foot along each line of the street, including the cost of intersections, and that in accordance with the provisions of the act of February 27, 1893, serial bonds extending over a period of ten years would be issued to represent its cost. After the completion of the work and issuance of the assessment therefor, demand and return of nonpayment were made thereon. Thereafter the appellant, whose property had been assessed for its proportion of the cost of the work, notified the city treasurer, in accordance with the provisions of the aforesaid act, that he desired no bond to be issued for the assessment against his land, and accordingly no bond therefor was issued. The assessment not being paid, the present action was brought for its enforcement by a sale of the land. Judgment was rendered in favor of the plaintiff and a new trial denied, from which he has appealed.

The contract for doing the work was entered into May 6, 1896, and provided that the work should be completed within two hundred and fifty days from its date—i. e., on or before January 11, 1897. Before the expiration of this time the con-

tractor did all the work named in the contract and specifications to the satisfaction of the street superintendent, and on December 4, 1896, the superintendent accepted and approved the work, and made and issued an assessment to cover the sum due therefor.   Thereafter, and prior to January 1, 1897, certain owners who were assessed for a portion of the expense of the work appealed therefrom to the city council, stating as the grounds of their appeal that the work had not been performed in a good and substantial manner.   March 23, 1897, the city council passed a resolution, wherein it found that the work was defective in certain respects, and not in accordance with the requirements of the contract, and vacated and set aside the warrant and assessment, and also the action of the superintendent in accepting the work, and directed the contractor to remedy said defects "under the direction of said city council."   At the same time the council extended the time for the completion of the work under said contract until the first day of July, 1897. The contractor thereupon, under the authority of this resolution, did whatever work was required to comply with its requirements, and completed the same on the 15th of May, to the satisfaction of the city council and the superintendent of streets.   June 7th the council passed a resolution accepting the work and directing the superintendent to make a new warrant, assessment, and diagram therefor, and on June 26th that officer made the assessment upon which the present action is brought.

1. Upon these facts the appellant contends that as the work was not completed within the period of two hundred and fifty days from the date of the contract, and as the subsequent extension was not made until after the expiration of that period, the contract had expired before the acceptance of the work, and the assessment therefor was invalid and created no lien.   We are of the opinion, however, that this objection cannot be sustained.   The contract provided, in accordance with the express requirements of the statute, that the contractor would do and perform the work "under the direction and to the satisfaction of the street superintendent."   The provision therein fixing two hundred and fifty days as the time for the completion of the work must refer to the completion of the work

according to the terms of the contract—that is, to the satisfaction of the street superintendent and under his direction; and, in the absence of any charge of fraud or collusion, it must be held that upon such completion of the work within the time limited the contractor had sufficiently fulfilled the condition of his contract to prevent a forfeiture thereof by reason of the subsequent disapproval by the city council of such acceptance. The utmost that could be claimed in support of the appellant's contention would be that, if the superintendent's acceptance was set aside, the time thereafter required for the final completion of the work should be counted as a portion of the time originally fixed for its completion. While the appeal from the act of the superintendent in accepting the work was pending before the council and undetermined, the running of the time originally fixed for the completion of the work was suspended and the work was completed within the time granted by the council at the time it set aside the superintendent's acceptance.

2. The contract was originally awarded to John T. Long, and before its completion was assigned to the Western Contracting and Construction Company. The warrant issued with the assessment was in favor of "The Western Contracting and Construction Company, assignee of John T. Long, agents or assigns." The appellant contends that the warrant should have been issued in the name of the original contractor, and that its issuance in favor of his assignee was unauthorized. The form of warrant which is prescribed in the street improvement act in terms authorizes and empowers the contractor, his agents or assigns, to demand and receive the several assessments, and the act declares that the warrant to be issued shall be "substantially" in this form. The right of the contractor to assign the contract, prior to the completion of the work, is recognized in many portions of the act, and has been recognized by this court. (*Anderson v. De Urioste,* 96 Cal. 404.) After he has ceased to have any interest in the contract, or in the assessment therefor, there would seem to be no reason for the issuance of the warrant in his name, especially since the statute does not specifically require it. Sections 9 and 10 of the act designate the

assignee as the proper person to whom the warrant and assessment are to be delivered. We hold, therefore, that a warrant in favor of one who is therein named as the assignee of the original contractor, whose name is also given, is "substantially" in the form prescribed in the act. Proof was made at the trial herein that such assignment had been made by the original contractor.

3. It is further objected that the reference in the warrant to the issuance of bonds, as provided by section 3 of the aforesaid act of February 27th is insufficient. The reference to the bonds in the warrant is as follows: "Serial bonds bearing interest at the rate of six per cent per annum and extending over a period of ten years from their date of issue, to represent the costs and expenses of the work described in the assessment, and in the manner and form prescribed by law, and notice is hereby given that a bond in such series will issue to represent each assessment of fifty dollars or more, remaining unpaid for thirty days after date of this warrant, or five days after the decision of the city council upon an appeal."

We deem this to be a sufficient compliance with the act of 1893. That act requires that there shall be "included in the warrant" "a notice that a bond will issue to represent each assessment of fifty dollars or more, remaining unpaid for thirty days after the date of the warrant, or five days after the decision of said council, upon an appeal, and describing the bonds." The warrant in question contains both a description of the bonds and the notice thus specified.

4. Upon the assessment offered in evidence was the following indorsement:

"The foregoing work was performed under the supervision of and was accepted by the Los Angeles city council; said work was not under my control or supervision at any time, and was not accepted by me. I hereby disclaim all responsibility for said work, and I sign and deliver this assessment and warrant upon the order of and the authority of said city council.

"J. H. DRAIN,
"Street Supt."

The appellant contends that by reason of this indorsement it appears that the work was not done under the direction and to the satisfaction of the superintendent of streets, and therefore the *prima facie* character which the statute gives to the evidence offered by the plaintiff was destroyed. Upon the face of the assessment the superintendent had declared: "All of said work has been performed and materials furnished complying with the specifications and under my direction and to my satisfaction and acceptance"—and had authenticated the same by his official signature. It does not appear at what time the above indorsement was made upon the assessment, but it must be held that it was not competent for that officer, after having made and authenticated the assessment in his official capacity, to qualify it by indorsing thereon a direct contradiction of the facts therein stated. Moreover, when the city council vacated the former assessment it directed the contractor to perform the work required by it "under the direction of the said city council," and that when so done the superintendent should accept the work and issue a new warrant, assessment, and diagram. These directions were in strict accordance with the provisions of section 11 of the street improvement act, and the above indorsement of the superintendent is not inconsistent therewith.

5. The certificate of the engineer, offered in evidence, did not show that it had ever been recorded, but was indorsed: "Recorded ———, 189—, ——————, Superintendent of Streets." The act requires that the superintendent shall record the warrant, assessment, and diagram, together with the certificate of the engineer, in his office, and that after they are recorded they shall be delivered to the contractor, and it also declares that these documents, with the affidavit of demand and nonpayment, shall be *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of the plaintiff to recover in the action. It does not require that the evidence of the recording shall constitute a portion of the *prima facie* evidence which is sufficient to entitle the plaintiff to recover. No evidence was offered

tending to show that the certificate had not been recorded, and the *prima facie* character which the statute gives to the above evidence offered by the plaintiff includes its proper recording. (See *California Imp. Co. v. Reynolds*, 123 Cal. 88.)

6. For the same reason, the objection to the finding by the city council in reference to the cost of the improvement must be disregarded. The objection to the sufficiency of this finding is that the language of the resolution wherein it is made is that such cost will be greater than one dollar per front foot along each line of said street, "including the cost of intersections," whereas the statute prescribes, as a condition upon which bonds for the improvement may be issued, that the council shall find that the cost will be greater than one dollar per front foot along the line of the street, "including the cost of intersection work assessable upon said frontage." The line of the proposed work herein included twenty-four intersections of cross-streets, and the city engineer had presented an estimate that the probable cost of the work per front foot, on each side of the street would be four dollars and ninety cents. The act requires that only one-half of the cost of an intersection shall be assessed upon the frontage of the street along which the improvement is made, and it is therefore urged that it was not shown that the cost of the work "assessable upon the frontage" would be more than one dollar per front foot. The council must be deemed to have used the phrase "cost of intersection" with reference to the matter upon which it was acting, and, as so used, the expression must be regarded as equivalent to the "cost of the intersection work assessable upon said frontage." The record does not show what was the width of any of the intervening streets, or the length of the several blocks of Main street, and we cannot say from any calculation whether the finding of the council was incorrect, but, as it must be assumed that these dimensions had been officially declared and were known to the council, it must be held that the *prima facie* character of the plaintiff's evidence was not overcome. The council was not required to find the exact cost per front foot, but only to determine whether it would be greater than one dollar per front foot.

It was not necessary that the council, before passing an ordinance for the improvement of the street, should, by a separate ordinance find the cost of the improvement. Such finding could be made and included in the ordinance declaring its intention to order the improvement.

7. It is next contended by the appellant that the assessment is invalid by reason of the unconstitutionality of the statute under which it was made, in that the statute makes an arbitrary apportionment of the expense according to the frontage of the lots, and does not require that the assessment upon each lot shall be made in proportion to the benefits received by that lot. The constitutionality of the statute has been upheld by this court so frequently that it is not an open question, but the appellants insist that the decision in *Norwood v. Baker*, 172 U. S. 269, wherein it was held that the assessment therein considered was in contravention of the constitution of the United States, is at variance with these decisions and requires them to be disregarded. If the facts and statute under which the present assessment was made were of the same character as those involved in that case, we would without hesitation accept that decision as conclusive upon us, but we are of the opinion that there is a marked distinction between the two cases, and that that decision is not applicable to the facts herein. In *Norwood v. Baker, supra,* the question considered by the court was the validity of an assessment for the cost of opening a new street, consisting of the value of the land taken and the costs of its condemnation, and whether the same could be taxed upon the owners of the land abutting upon that taken, irrespective of any consideration of the benefits received by that land. The assessment therein involved did not include any of the expense of improving an existing street, and whether such expense may be assessed upon lands fronting upon the street within certain limits designated by the legislature was not presented or discussed in the opinion; and, although the "improvement" of the street is frequently mentioned in the opinion, this expression is to be read in the light of the question to be determined by the court upon the facts before it.

The village of Norwood desired to open and extend Ivenhoe

street for the distance of three hundred feet from its termina-
tion, through the lands of Mrs. Baker, and for that purpose in-
stituted proceedings for the condemnation of a portion of her
land fifty feet in width. The constitution of Ohio required
that the compensation to be paid to the owners of land thus
taken should be made in money, and should be assessed without
deduction for benefits to any other property of the owner, and
the statute required that the cost and expense should be as-
sessed only on the land bounding and abutting thereon. The
ordinance for the condemnation provided, as authorized by the
statute of Ohio, that the entire cost of the proceedings, in-
cluding the money paid for the land, should be assessed per
front foot upon the property bounding thereon. In the pro-
ceedings for the condemnation of the land its value was as-
sessed at two thousand dollars, and this amount of money was
paid to Mrs. Baker out of the public treasury. Thereafter, an
assessment—the assessment in question—for the amount so
paid to her, together with the costs incurred in the condemna-
tion, was made under the above statute against the two portions
of her lot remaining upon either side of the land which had
been condemned for the street. It is thus seen that the assess-
ment was not made for the cost of any improvement of any
existing street, wherein it may be presumed that the adjacent
lots are benefited, but was made solely for the purpose of re-
imbursing the public treasury for the expense of opening a new
street. Its effect was to compel Mrs. Baker, under the guise
of an assessment, to pay back into the treasury not only the
money that she had received as compensation for the land taken
from her, but also the expense that had been incurred in its
condemnation. This was in effect the imposition of a tax upon
her land for the purpose of reimbursing the treasury for the
money which it had paid out for the use of the whole public.
The proceeding was a direct sequence in the exercise by the
village of its right of eminent domain, since the exercise of this
sovereign power includes the payment to the owner for the land,
as well as the determination that the taking is necessary for
a public use. The mode in which the village could reimburse
itself for such payment was by means of taxation, and, if the

exercise of this power was not to be borne equally by the whole public, it could be imposed only upon those who should be determined to have been actually benefited by the improvement. It needs but little argument to show that by these proceedings Mrs. Baker's property was taken for a public use without any compensation therefor; and inasmuch as under the constitution of Ohio she was entitled to receive compensation in money for the whole value of the property taken, irrespective of any benefits to her remaining property, the court very readily held that she was compelled, under the guise of an assessment, to part with her property without due process of law.

The principle invoked, that the assessment must be in proportion to benefits, was not disputed in the case, the only question being as to the application of that principle to the facts before the court, and its conclusion was reached by reason of the inhibition of the statute and constitution of Ohio, from considering whether the land assessed had received any benefit by reason of the opening of the street. In no portion of the opinion is it intimated that an assessment for the improvement of an existing street upon the lands abutting thereon, according to their frontage, within a district designated or prescribed by legislative authority, is invalid, nor did the court question the correctness of any of its previous decisions, many of which are cited in the opinion, in which assessments under such a rule had been sustained. In *Mattingly v. District of Columbia*, 97 U. S. 692, that court had said: "Special assessments for special road or street improvements very often are oppressive, but that the legislative power may authorize them to be made in proportion to the frontage, area, or market value of the adjoining property, at its discretion, is under the decisions no longer an open question." In *Bauman v. Ross*, 167 U. S. 548, it had said: "The class of lands to be assessed for the purpose [of a public improvement] may be either determined by the legislature itself by defining a territorial district or by other designation; or it may be left by the legislature to the determination of commissioners, and may be made to consist of such lands, and such only, as the commissioners shall decide to be benefited. The rule of apportionment among the parcels of land benefited also rests with the discretion of the

legislature, and may be directed to be in proportion to the position, the frontage, the area, or the market value of the land or in proportion to the benefits as estimated by commissioners." (Citing in support thereof "the very able opinion" of Judge Ruggles in *People v. Brooklyn,* 4 N. Y. 419,[8] and many other cases.) In *Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 176, the court held that an *ad valorem* assessment for local improvements was not, of itself, a violation of the principle upon which it should be made, saying: "It is one of those matters of detail in arriving at the proper and fair amount and proportion of the tax that is to be levied on the land with regard to the benefits it has received, which is open to the discretion of the state legislature, and with which this court ought to have nothing to do," and cites in support of this principle *Cleveland v. Tripp,* 13 R. I. 50, saying that it is a case "which treats this subject with great ability," and in which the supreme court of Rhode Island upheld an assessment for a sewer upon the abutting property, which was "mathematically determined by area and frontage" as constitutional and valid. The mode in which the expense of the local improvement shall be borne, as well as the district which is to bear such expense, and the manner in which the expense is to be distributed, is a legislative question. The principle upon which the expense is charged on the property in that district is that that property has received a particular benefit. But, as was said by Mr. Justice Temple in *Lent v. Tillson,* 72 Cal. 428: "The benefit is not the source of the power." Nor does the validity of the assessment depend upon the ability to show that the property assessed was specifically benefited by the amount of the assessment or received that particular amount of benefit. Courts will uphold an assessment made upon such legislative authority, even though the benefits are not shown to be identical with the burden. In *Litchfield v. Vernon,* 41 N. Y. 123, the legislature had authorized the improvement of a street and designated the district upon which an assessment for the expense thereof should be made. The court said: "This local assessment, it is apparent, was based upon the ground that the territory subjected thereto would be

[8] 55 Am. Dec. 266.

benefited by the work and change in question. Whether so benefited or not, and whether the assessment of the expense should, for this or any other reason, be made upon the district, the legislature was the exclusive judge." In *Walston v. Nevin,* 128 U. S. 582, the court said: "The determination of the taxing district and the manner of the apportionment are all within the legislative power." In *Norwood v. Baker, supra,* the court said: "According to the weight of judicial authority, the legislature has a large discretion in defining the territory to be deemed specially benefited by a public improvement and which may be subjected to special assessment to meet the costs of such improvements."

The provision in the street improvement act of this state, that in cases where, in the opinion of the city council, the work of the improvement is not "of more than local or ordinary public benefit" the cost of any street improvement shall be assessed as an entirety upon the lots and lands fronting upon the improvements, and shall be apportioned between the several lots therein according to their frontage, is a declaration by the legislature that, in the judgment of that body, the property within that district will receive a benefit from the improvement in proportion to its frontage upon the work. Unless, therefore, it is made to appear upon the face of the proceedings, or by some competent showing, that there is a gross or substantial variation from this principle, it is the duty of courts, under the rules and authorities above cited, to uphold the assessment. Before the judiciary would be justified in holding an assessment to be invalid, it should be made to appear that it is, as was said in *Norwood v. Baker, supra,* "in substantial excess of the benefits," or, as was said in *Cleveland v. Tripp, supra,* that it "palpably transgresses" the principle upon which it is authorized. In *Fallbrook Irr. Dist. v. Bradley, supra,* the court said: "The way of arriving at the amount may be, in some instances, inequitable and unequal, but that is far from arising to the level of a constitutional problem, and far from the case of taking property without due process of law." In *Lent v. Tillson, supra,* the court said: "The benefits need not be immediate. I see no just limitation in this respect, except that a tax will not

be upheld when the courts can plainly see that the legislature has not really exercised its judgment at all, or that manifestly and certainly no such benefit can or could reasonably have been expected to result. The judge should not place his mere opinion against that of the legislature." In *Sears v. Boston,* 173 Mass. 71, the case of *Norwood v. Baker, supra,* was invoked against the legality of an assessment which had been made in proportion to the frontage of the property bordering upon the improvement, but the court held that the statute authorizing such assessment was not unconstitutional in its application to the facts of that case, saying: "No facts appear in the present case to show that this rule is not proper in its application to the petitioners' property as a method of determining benefits with such approximation to accuracy as can reasonably be required." (See, also, *Ramish v. Hartwell,* 126 Cal. 443.) There is nothing in the record herein tending to show that the appellant is entitled to invoke the principle upon which he relies to defeat the assessment. He made no objection of this nature in the court below in his answer to the complaint, nor did he offer any evidence in support of such objection, but has presented it here for the first time, in his brief in reply to the respondent. In the absence, therefore, of any facts showing that the assessment is unjust, it must be held that the statute cannot be deemed unconstitutional.

The judgment and order are affirmed.

Garoutte, J., and Temple, J., concurred.

Hearing in Bank denied.