[S. F. No. 2597.  In Bank. — August 19, 1901.]

## SAN FRANCISCO PAVING COMPANY, Respondent, v. GEORGE E. BATES et al., Appellants.

STREET-ASSESSMENT — CONSTITUTIONAL LAW — FOURTEENTH AMENDMENT. — The street-assessment law of this state, in providing that the expense of street-work is to be assessed in proportion to the frontage of the lots, is not repugnant to the fourteenth amendment of the Federal constitution.

ID. — VALIDITY OF ASSESSMENT — PRIMA FACIE EVIDENCE — AUTHORITY OF SECRETARY TO BID FOR CORPORATION — PRESUMPTION — BURDEN OF PROOF. — The assessment and other documents connected therewith are *prima facie* evidence of its regularity and correctness; and from such evidence, a bid for the street-work, signed in the name of a corporation by its secretary, which was accepted by the board, in the absence of evidence to the contrary, must be presumed to have been shown to the board to have been authorized by the corporation. The burden of proof is on the defendant to establish the contrary, and to show any invalidity or irregularity of the act of the board in accepting the bid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Freeman & Bates, and Mastick, Van Fleet & Mastick, for Appellants.

J. C. Bates, for Respondent.

McFARLAND, J.— This is an appeal by defendants from a judgment in favor of plaintiff in a street-assessment case.

The main point made by appellants is, that our street-assessment law is void because repugnant to the fourteenth amendment of the Federal constitution, in that the expense of the street-work is to be assessed in proportion to the frontage of the lots; and in support of this contention they rely on the case of *Village of Norwood* v. *Baker*, 172 U. S. 269. But that point was elaborately considered by this court in *Hadley* v. *Dague*, 130 Cal. 207, and decided adversely to appellants' contention. The conclusion there reached has been approved in subsequent cases (see *Banaz* v. *Smith*, 133 Cal. 102); and although invited by appellants to overrule that case, we decline to do so, as we are satisfied with it as a final declaration of the law on the subject.

The only other point made for reversal is, that the assessment was void because there was no bid or proposal on the part of respondent to do the work in question. The bill of exceptions merely shows that the respondent introduced the assessment, warrant, certificate of the engineer, diagram, etc., "and thereupon the defendants read in evidence the paper writing, a copy of which is set forth in the second finding of the court herein, and no other evidence was given or offered by either party." The paper writing referred to is the bid in question; and the only objection to it is that it was signed " San Francisco Paving Co., A. J. Raisch, Secty.," and there was no showing that the secretary was authorized to act in the premises for the respondent. But— assuming that appellants are in a position to make this objection, and that the subsequent ratification of the act by respondent was not, in any event, sufficient— it is enough to say, in the language of this court in *Pacific Paving Co.* v. *Mowbray*, 127 Cal. 3, that " the assessment and other documents connected therewith are made by the statute *prima facie* evidence of its regularity and correctness, and of the prior proceedings and acts of the city council, and their introduction in evidence by the plaintiff threw upon defendant the burden of establishing the contrary." (See also

*California Imp. Co.* v. *Reynolds,* 123 Cal. 88; *Williams* v. *Bergin,* 129 Cal. 461.) In the case at bar, appellants offered no evidence showing the invalidity or irregularity of the act of the board in accepting the bid; there may have been ample proof before it that the bid was authorized by the respondent.

The judgment is affirmed.

Van Dyke, J., Harrison, J., Garoutte, J., Temple, J., and Henshaw, J., concurred.

Beatty, C. J., being disqualified, did not participate.