[S. F. No. 2493.   Department One.—December 5, 1902.]

CITY STREET IMPROVEMENT COMPANY, Respondent, v. DANIEL LAIRD et al., Appellants.

STREET IMPROVEMENT — RIGHT OF PROTEST STATUTORY — PAVING OF STREET CROSSING—FURTHER PROCEEDINGS NOT BARRED.—The right to protest against a street improvement is created by statute, and is limited by its terms. It does not exist under section 3 of the Street Improvement Act, where the improvement is not "for one block or more," but is merely for the paving of a crossing at the intersection of two streets, which can have no property fronting upon it; and a protest by the property-owners liable to assessment for such improvement cannot operate to bar further proceedings by the board under the original resolution of intention.

ID.—TIME FOR ORDERING WORK—POSTPONEMENT—JURISDICTION.—The statute does not prescribe any time within which the board shall order. the work after its resolution of intention has been declared, and its adoption of the report of the street committee that a protest, which was in fact unauthorized, "bars for six months any further proceedings in relation thereto," is at most only a postponement of further action for that period, and did not deprive it of jurisdiction to order the work.

ID.—CONTRACT WITH CORPORATION—EXECUTION—PRIMA FACIE EVIDENCE
—BURDEN OF PROOF.—A corporate seal, though presumptive evi-
dence that the contract was authorized by the corporation, is not
essential to the validity of a contract for a street improvement
made by the corporation. The assessment, with its accompanying
documents is *prima facie* evidence that the contract was author-
ized by resolution of the corporation, and the burden is upon the
defendants contesting the assessment to prove that the president
of the corporation who signed the contract in the corporate name
did not have authority to execute it.

ID.—POSTING OF NOTICES—SUPPORT OF FINDING—CONFLICTING EVIDENCE.
—Where the evidence is conflicting as to whether the notices were
properly posted by the clerk of the board of supervisors, a finding
that they were so posted will not be set aside.

ID.—PUBLIC DECLARATION OF PROPOSALS.—If the proposals for the
improvement were opened and read in open session of the board of
supervisors, they were "publicly declared" within the meaning of
the statute.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, for Appellants.

J. C. Bates, and J. B. Gartland, for Respondent.

HARRISON, J.—Action upon a street assessment in the
city and county of San Francisco. Judgment was rendered in
favor of the plaintiff, and from this judgment and an order
denying a new trial the defendants have appealed.

The work ordered to be done, and for which the assessment
was made, is the paving with bituminous rock of the roadway
of the crossing of Market and Noe streets. A resolution of
intention therefor was passed April 22, 1895, and within ten
days thereafter certain property-owners filed with the clerk
of the board of supervisors a protest against the work. This
protest was referred by the board to the committee on streets,
and that committee afterwards reported that, as the protest
represented a majority of the property liable for the expense
of the work, it barred for six months any proceedings in rela-
tion thereto, and this report when received and read was
adopted as the action of the board. After the expiration of

six months,—viz., December 9, 1895,—the board of supervisors without passing any other resolution of intention, passed an order that the work be done, and thereafter awarded a contract therefor to the plaintiff. It is now contended by the appellants that, under the authority of *City Street Improvement Co.* v. *Babcock,* 123 Cal. 205, as the board of supervisors did not pass another resolution of intention after the expiration of six months from the filing of the protest, it had no jurisdiction to order the work, and that the assessment is invalid.

1. The right to protest against the improvement of a street is created by the statute, and is limited by the terms of the statute. Section 3 of the Street Improvement Act provides that, after the board of supervisors has passed a resolution of its intention to order any street improvement, "The owners of a majority of the frontage of the property fronting on said proposed work or improvement where the same is for one block or more, may make a written objection to the same within ten days after the expiration of the time of the publication and posting of said notice. And such objections, so delivered and indorsed, shall be a bar for six months to any further proceedings in relation to the doing of said work." This is the only provision in the statute in which written objections to the work, without giving any reasons for the objection, will operate as a veto upon the intention of the council, and this is by its terms limited to a case where the improvement is "for one block or more." A block is declared in section 34 of the act to mean such blocks as are bounded by "main streets." In order that the protest may be available, it is also necessary that the written objections should be made by "the owners of a majority of the frontage of the property fronting on said proposed work or improvement." It is apparent that these provisions of the statute can have no application in the present case, for the reason that the proposed improvement is not "for one block or more," and for the further reason that there can be no property "fronting" upon the proposed work. A crossing is the intersection of two streets, and from the nature of the term can have no property fronting upon it.

The subsequent provision in the section for a hearing by the board of supervisors upon objections to certain work by the

"owners of a majority of the frontage liable to be assessed for the expense of the said work," does not include paving or macadamizing, and is therefore inapplicable to the present case. The petition of remonstrance, which is also authorized by the act, is not available to the defendants, inasmuch as that refers to "subsequent proceedings" of the council in relation to the performance of the work, and requires that they shall state "in what respect they feel aggrieved, or the proceedings to which they object." No statement of this character was made in the present case.

As the filing of this protest did not oust the board of its jurisdiction to order the work without passing another resolution of its intention to do so, it retained jurisdiction to make the order in December. The statute does not prescribe any time within which the board shall order the work after its resolution of intention has been declared. Its adoption of a report of its committee on streets that the protest "bars for six months any further proceedings in relation thereto," did not have the effect to deprive it of jurisdiction to order the work, but was at most only a postponement of further action for the period of six months.

2. Another objection by the appellants to the plaintiff's right of recovery is, that the plaintiff never executed any contract for doing the work. This objection is based upon the fact appearing in the record that the document purporting to be its contract is not authenticated by the corporate seal, and is merely signed "City Street Improvement Co., by J. W. McDonald, Pres. (Seal)," and that no authority was shown on the part of McDonald to execute the same on behalf of the plaintiff.

The assessment, with its accompanying documents introduced by the plaintiff, was *prima facie* evidence of the regularity and correctness, not only of the assessment, but also of the prior proceedings and acts of the superintendent of streets and city council upon which they were based and of the right of the plaintiff to recover in the action. (Street Improvement Act, sec. 12.) It became the duty of the defendant to overcome this evidence by affirmative proof of the non-existence of any fact required by the statute if he would defeat the plaintiff's right of recovery. (*California Improvement Co.* v. *Reynolds,* 123 Cal. 88; *Williams* v. *Bergin,* 129 Cal.

461; *Hadley* v. *Dague,* 130 Cal. 207; *San Francisco Paving Co.* v. *Bates,* 134 Cal. 39; *Reid* v. *Clay,* 134 Cal. 207; *Belser* v. *Allman,* 134 Cal. 399.) While the affixing of the corporate seal to a contract is presumptive evidence that the execution of the contract was authorized by the corporation, it is not essential to the validity of such contract. The person executing the contract may have been authorized by a resolution of the corporation entered upon its records, and the corporation may not have adopted a corporate seal. A contract in such case will be valid. It was not necessary for the plaintiff at the trial of this action to prove the authority of McDonald. It was incumbent upon the defendants to prove that he did not have authority to execute the contract, if they would rely upon such objection. As was said in *San Francisco Paving Co.* v. *Bates,* 134 Cal. 39, in reply to a similar objection, there may have been ample proof before the superintendent of streets that the execution of the contract and the bond had both been authorized by the corporation.

3. The finding of the court that the notices were properly posted by the clerk is sustained by the evidence. The utmost that can be said by the appellants upon this question is, that the evidence was conflicting, and in such case the finding will be sustained. So, too, the finding that the board of supervisors in open session opened and examined the proposals for doing the work, and publicly declared the same, is sustained by the evidence. The minutes of the board of that date show that "proposals to perform the following street-work were opened, read, and on motion referred to the committee on streets." If the proposals were opened and read in open session, they were "publicly declared" within the meaning of the statute. In *Edwards* v. *Berlin,* 123 Cal. 544, cited by appellants, there was no record in the minutes of the board of any action whatever with reference to the proposals.

The judgment and order are affirmed.

Garoutte, J., and Van Dyke, J., concurred.