[S. F. No. 2721.   Department Two.—August 28, 1903.]

## CITY STREET IMPROVEMENT COMPANY, Respondent, v. M. RONTET, Appellant.

STREET IMPROVEMENT—CROSSING OF STREETS—PROTEST INAPPLICABLE.—
Where a street improvement was merely for a crossing at the intersection of two streets, the provision of the statute as to protests
by persons owning a majority of the frontage has no application,
and the work is not suspended by the filing of such protests.

ID.—VALIDITY OF ASSESSMENT—SIGNATURE BY ACTING MAYOR—PRE
SUMPTION.—Under the Consolidation Act of the city and county of
San Francisco, the appointment by the board of supervisors of
an acting mayor is provided for, in the absence or inability of the
mayor; and the presumption that official duty has been performed
applies to the signature of a warrant for a street assessment by
the acting mayor.  Such signature will not invalidate the assessment, in the absence of evidence upon the subject.

ID.—SIGNATURE TO BID—ADMISSION OF PLEADINGS.—Where the complaint avers that plaintiff signed and handed to the clerk a sealed
proposal or bid, and the signature to the bid was not denied by the
answer, the defendant cannot object under the pleadings that plaintiff's bid was not signed, though an unsigned bid was incorporated
by amendment in the bill of exceptions.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial.   J. M.
Seawell, Judge.

The facts are stated in the opinion of the court.

Charles F. Hanlon, for Appellant.

J. C. Bates, for Respondent.

McFARLAND, J.—This is an action to enforce the lien of
a street assessment for $203.77 against a lot of defendant.
Judgment went for plaintiff; and from the judgment and
from an order denying a motion for a new trial defendant
appeals.

The court found that all the averments of the complaint
were true, with the exception of changing a plural to a singular in the fifteenth finding; and that all the denials in the
answer were not true; and the complaint states a complete

cause of action. The court also found that all the averments of the answer and amendments thereto were untrue, except only the averments therein that the resolution of intention under which respondent claims was duly passed, published, etc., and that the notice of street work was duly published and posted,—which averments were in the complaint. The bill of exceptions on the motion for a new trial contains a number of specifications as to the insufficiency of the evidence, and as to errors of law occurring at the trial.

The main contention of appellant is, that the court, by its general findings, necessarily found as untrue the averment in the amendment to the answer that property-owners owning the majority of frontage, etc., filed written protests against the doing of the street-work in question, and that such protests were allowed by the board of supervisors; and that the evidence was insufficient to sustain such finding. The bill of exceptions consists mostly of matters touching these protests; but we do not deem it necessary to determine whether the findings as to them was justified by the evidence, because the point is not material. The contention of appellant is, that, if such protests were in fact filed, the effect was not only to suspend the work for six months, but to prevent any work at all thereafter without another resolution of intention to be followed by entirely new proceedings,—which did not occur in the case at bar. But the work involved here was simply for a crossing at the intersection of two streets; and, as was held in *City Street Imp. Co.* v. *Laird,* 138 Cal. 27, the provision of the statute as to protests here invoked does not apply to such work.

We do not think that any of the other grounds for a reversal are tenable, or that they call for special notice. It may be said, however, that the assessment was not void because the warrant was signed by one of the supervisors as "acting mayor"—there being no other evidence on the subject. The Consolidation Act provided for the appointment by the board of an acting mayor, in the absence or inability of the mayor, and the rule that official duty has been performed applies here. We will notice also appellant's point that the assessment was void because there was no signature to the "bid" presented to the board by the respondent. The bill of excep-

tions leaves the evidence as to this matter rather obscure. The trial judge certifies, over the objection of respondent, that more than ninety days after the time to prepare a bill of exceptions and amendments thereto had expired by law, he allowed a certain amendment, then first proposed by appellant, to be inserted in the bill. This amendment was a purported copy of the bid made by respondent, and the signature of respondent does not appear to be on it, although it was accompanied by a bond duly executed by respondent and sureties referring to the bid as the bid of respondent. It is not necessary to consider the objections to this amendment being in the bill of exceptions. It is not entirely clear from the record whether this unsigned copy of the bid was the only one introduced; but under the pleadings the appellant cannot make the point that respondent's bid was not signed. It is averred in the complaint that on the day named "various sealed proposals or bids" were delivered to the clerk of the board, and that "plaintiff herein *signed* and handed to said clerk one of the sealed proposals or bids by which it was proposed," etc. In the answer it is merely denied that "various sealed proposals or bids" were delivered to the clerk, and, as to respondent's bid, the only denial is, "that the alleged proposal of plaintiff was unaccompanied by the bond alleged, or by any bond." There is therefore no denial that respondent's bid was signed,—which is the only matter sought to be established by the said amendment to the bill of exceptions.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.