[Civ. No. 573. First Appellate District.—April 20, 1909.]

## BERKELEY DEVELOPMENT COMPANY, a Corporation, Appellant, v. JACOB MARX, Respondent.

DEED OF "GRANT"—IMPLIED COVENANT AGAINST ENCUMBRANCES—LIEN OF STREET ASSESSMENT.—From the use of the word "grant" in a deed of grant, bargain and sale, the law implies a covenant against encumbrances; and the lien of a valid street assessment is an encumbrance within the meaning of such covenant.

ID.—VALIDITY OF STREET ASSESSMENT—WARRANT IN FAVOR OF ASSIGNEE OF CONTRACTOR.—The Vrooman act recognizes the assignee of the contractor as one who succeeds to all the rights and privileges of the contract; and it is not essential to the validity of a street assessment, when the contractor has assigned the contract, that the warrant shall run in the name of the original contractor, but it may run in favor of his assignee.

ID.—CREATION OF LIEN.—Under the street improvement act, the assessment, diagram, and warrant, when recorded, create a lien on the property within the assessed district.

ID.—PROTECTION OF LOT OWNERS BY RECORD.—The lot owners are protected by the record of the assessment, diagram and warrant, and will be entitled to a release of the lien upon payment to the person who, on the face of the warrant, is entitled to receive the money.

ID.—PRIMA FACIE EVIDENCE WARRANTING FORECLOSURE—ADMISSIBILITY TO SHOW ENCUMBRANCE.—When the warrant, certificate and diagram, with the affidavit of demand and nonpayment, are expressly made by section 12 of the street improvement act, *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which the warrant and assessment are based, and like evidence of the right of the plaintiff to recover in an action to foreclose the lien, the same evidence was admissible in the action on the implied covenant against encumbrances, to show that there was an encumbrance on the land conveyed by deed of "grant" to a grantee, and that the grantee, or his assignee, is entitled to recover on such implied covenant.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Titus, Wright & Creed, for Appellant.

George D. Metcalf, and George M. Shaw, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of the defendant, and from an order denying plaintiff's motion for a new trial.

Louis Titus was the grantee named in a deed of grant, bargain and sale made by the defendant, and this action is by the assignee of Titus for an alleged breach of the covenant against encumbrances implied in the grant deed. The encumbrance is alleged to consist of the lien of a street assessment, created through proceedings taken by the city of Oakland, pursuant to the provisions of the so-called Vrooman act, [Stats. 1885, p. 147].

By the complaint it appears that a part of the land conveyed to Titus was included within the assessment district defined by the resolution of intention. The assessment, warrant, diagram and certificate were issued and recorded November 14, 1904. The deed of conveyance was executed November 30, 1904. In order to discharge the lien of the assessment Titus paid the amount thereof on December 30, 1904. The complaint also shows that E. B. & A. L. Stone Company was the contractor; that before the work was finished J. Y. Eccleston by mesne assignments became the holder of said contract, and to him on November 14, 1904, the superintendent of streets issued the assessment; and attached thereto was a warrant authorizing ''J. Y. Eccleston, his agents or assigns,'' to demand and receive the several assessments therein set out.

The vital question in this case is: Was the assessment void by reason of the omission of the contractor's name from the warrant?

Section 9 of the Vrooman act (Stats. 1891, p. 205), provides as follows:

''To said assessment shall be attached a warrant, which shall be signed by the superintendent of streets and countersigned by the mayor of the city. The warrant shall be substantially in the following form:

''FORM OF WARRANT.

''By virtue hereof, I (name of superintendent of streets) of the city of..........county of..........(or city and county of..........) and State of California, by virtue of the authority vested·in me as said superintendent of streets,

do authorize and empower (name of contractor), (his or their) agents or assigns, to demand and receive the several assessments upon the assessment and diagram hereto attached, and this shall be (his or their) warrant for the same........''

The act itself recognizes the assignee of the contractor as one who succeeds to all the rights and privileges of the contract. (Secs. 9, 10, 11 and 12, [Stats. 1885, pp. 155-157].) And, liberally construing the act—as we are required to do—according to its terms (sec. 12, Stats. of 1889, p. 168; sec. 53, Stats. of 1893, p. 96), we are convinced that it is not essential to the validity of the assessment that the name of the original contractor should appear in the warrant. The case of *Palmer* v. *Burnham*, 120 Cal. 364, [52 Pac. 564], is not authority to the contrary. There the supreme court of this state, at the first hearing of the case in bank, upheld the judgment of the trial court against the validity of the assessment upon several grounds, one of them being that the warrant, not having been issued in the name of the original contractor, was void. Upon a rehearing, however, that opinion was modified by omitting all that portion which held that the warrant was void because issued in the name of the assignee. The case as thus modified is reported in volume 120 California Reports, page 364, [52 Pac. 1080].

The question was again raised in *Hadley* v. *Dague*, 130 Cal. 207, [62 Pac. 500]. There John T. Long was the original contractor, and the warrant was issued in the name of the ''Western Contracting and Construction Company, assignee of John T. Long, agents or assigns.'' There the court said: ''The form of the warrant which is prescribed in the street improvement act in terms authorizes and empowers the contractor, his agents or assigns, to demand and receive the several assessments, and the act declares that the warrant shall be 'substantially' in this form. The right of the contractor to assign the contract prior to the completion of the work is recognized in many portions of the act, and has been recognized by this court. (*Anderson* v. *De Urioste*, 96 Cal. 404, [31 Pac. 266].) After he has ceased to have any interest in the contract, or in the assessment therefor, there would seem to be no reason for the issuance of the warrant in his name especially since the statute does not specially require it. Sections 9 and 10 of the act designate the assignee as the proper person to whom the warrant and assessment are

to be delivered.'' It is to be noticed that Long nowhere in the warrant was designated as the contractor. In that case all that follows the name of the assignee is *descriptio personae.* (*Litchfield* v. *Flint,* 104 N. Y. 543, [11 N. E. 58].) That part, so far as the validity of the warrant is concerned, might just as well be omitted. Hence the warrant here is just as much of a compliance with the act as was the warrant there.

The street improvement act provides that the assessment, diagram and warrant, when recorded, shall create a lien on the property within the assessed district (sec. 9); that the contractor or his assignee may bring suit to recover the amount of the several assessments and interest; that in such suit the assessment, diagram and warrant shall be *prima facie* evidence of the plaintiff's right to recover. (Sec. 12.) The trial court in the case of *Hadley* v. *Dague, supra,* after referring to these provisions of the act, said that as the record of the assessment, diagram and warrant creates the lien, it follows that the lot owners will be protected by such record, and that they will be entitled to a release of the lien upon payment to the person who, on the face of the warrant, is entitled to receive the money. (*Taylor* v. *Palmer,* 31 Cal. 241, 249.)

The omission of the name of the contractor from the warrant, and its issuance in the name of an assignee, does not in any way, it appears, affect the interest of the lot-holders, and therefore we are of the opinion that the deviation in the warrant complained of was not a substantial departure from the terms of the act. In the case of *Taylor* v. *Palmer,* 31 Cal. 241, 249, cited by defendant, it was held that a warrant issued in the name of the contractor, notwithstanding that it had been assigned prior to the issuance of the warrant, was not void. It did not hold that the warrant would be void if issued in the name of an assignee. On the other hand, the opinion goes far to sustain our position. There it is said: ''The form of the warrant recognizes the assignable quality of these contracts, and the statute nowhere gives color to the suggestion of counsel that the recognition is confined to assignments made after the work has been performed. . . . The property holder may safely pay to anyone who, on the face of the warrant, is entitled to receive the money, especially in the absence of any notice to the contrary. . . . If there is an assignee, and he chooses to allow his assignor to

receive the warrant, and collect the money, thereby making him his agent for that purpose, and to take no steps to prevent it or to assert his claim in person, it is difficult to perceive why the property holder, who can under such circumstances safely make payment to the original contractor, should become so solicitous about the interests of any supposed assignee of his.'' If we do as the trial judge did in *Hadley* v. *Dague,* 130 Cal. 207, [62 Pac. 500], and reversing the conditions present in the case of *Palmer* v. *Taylor,* 31 Cal. 241, 249, it can be said with equal force that where there is an assignee, and the street superintendent has ascertained the fact, and recognized his rights under the law by making the warrant payable to him . . . and the property owner can safely make the payment to the assignee, who, on the face of the warrant, is entitled to receive the money, it is difficult to see why such property holder should become so solicitous about the imaginary interests of the contractor, or the observance with extreme nicety of a part of the form which was not intended to and could not affect his rights.

The trial court sustained an objection to plaintiff's offer in evidence of the warrant, assessment, diagram and certificate of the city engineer, together with the affidavit of demand and nonpayment. The objection to this evidence was based on two grounds—first, that the assessment was void because of the form of the warrant; and, second, that the rule of evidence declared in section 12 of the act was available only in actions to foreclose the lien of the assessment. By what has been said on the main point in the case we have fully covered the first ground of objection, and only the second ground need be noticed.

Section 12 of the street improvement act provides: ''The said warrant, certificate and diagram, with the affidavit of demand and nonpayment, shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant and assessment are based, and like evidence of the right of the plaintiff to recover in the action.''

In this case the plaintiff, as assignee of the grantee Titus, was entitled to recover upon the covenant against encumbrances, provided the property was encumbered within the true intent and meaning of the deed to Titus. The evidence

offered was admissible for the purpose of showing the regularity and correctness of the assessment, and that it created a lien upon the property in favor of the holder of the warrant within the meaning of the language of the section, and thus created an encumbrance which justified Titus in the payment made by him, and so formed the basis of plaintiff's action to recover in this case. Titus was entitled to the land free from encumbrances, as implied in the grant deed. If the evidence was such that it would make a *prima facie* case to foreclose the lien of the street assessment, it was admissible for the purposes of this case—to show that there was an encumbrance upon the land conveyed to Titus.

No other point made need be discussed.

The judgment and order are reversed.

Hall, J., and Cooper, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1909.