| 9 | 59 |
| 88 | 150 |

## HUMPHREYS *et al. v.* McCALL *et al.*

Where both complaint and answer are verified, the denial in the answer of an allegation in the complaint, in the following terms, is not sufficient, viz.: "And the said defendants deny, for want of information to enable them to admit, the sale and transfer of said Georgia Ditch to them, plaintiffs, as alleged," etc.

Where the alleged fact is, from its nature, presumptively within the personal knowledge of the defendant, he cannot be permitted to answer on information and belief, but must answer in the form positive. And where, from the nature of the fact alleged, the knowledge, if any, is presumptively based on information, he is not bound to deny positively, but only "according to his information and belief;" but in such case he must answer according to *both* his information and belief. The word "*belief,*" as used in the statute, is to be taken in its ordinary sense, and means the actual conclusion of the defendant, drawn from information.

Defendant can know what is *his* belief, and can therefore state it. This belief may be founded on the statement of others, not competent witnesses, and not under oath, etc. Yet, if the defendant has formed a belief from this source, he must state it. He cannot be the judge as to whether his information is legal testimony.

In an action for damages, for diversion of water of plaintiffs, where defendants plead the general issue, it is not competent for the defence to prove that a prior claim to the water exists in a third party. Such a defence should have been specially plead, and the third party made a party to the action.

APPEAL from the District Court of the Fifth Judicial District.

This was an action to recover damages for the diversion of water from the ditch of plaintiffs, and to enjoin defendants from the continuation thereof.

The facts of the case are as follows:

Plaintiffs allege that they are entitled to the waters of San Antonio Creek, to the extent of one hundred and eighty cubic inches, by virtue of the construction of a dam across said creek, and a ditch, known as the Georgia Ditch, for the purpose of the diversion of its waters, for mining purposes. Said dam and ditch were constructed, about the tenth day of July, 1852, by Thomas Cooper and others, who conveyed said ditch, on or about the tenth day of October, 1855, to Charles H. Everett, James A. Head, and James M. Dean, who, on the twenty-ninth day of October, 1855, conveyed said ditch to plaintiffs. There was no written evidence produced on trial, of any conveyance from Cooper to plaintiffs' grantors; though it was proved that a written conveyance was made and delivered, and its absence was not accounted for. Defendants, about the thirtieth day of October, 1855, constructed a dam across said creek, at a point above the dam of said plaintiffs, and turned the waters of the creek into the ditch of defendants, and thereby diverted the

waters of said creek from the ditch of plaintiffs, to the extent of the capacity of their ditch.

Defendants allege that the ditch of plaintiffs was constructed for private purposes, and that its original capacity was much less than one hundred and eighty cubic inches, and that the quantity of water originally appropriated by plaintiffs' grantors has been continually furnished them, notwithstanding the dam and ditch of defendants.

On the trial, the defendants offered to show that Benson and Spencer had the elder and better right to the waters of said creek, by the erection of a mill, below the dam of the said "Georgia Ditch," and that Benson and Spencer were suing defendants, for the same diversion of the waters of said creek.

The Court below refused to receive evidence on this head; and the case being submitted to the jury, they found that plaintiffs were entitled to one hundred and eighty cubic inches of water, and five dollars damages.

Judgment was entered on the verdict, for restitution of one hundred and eighty cubic inches of water, and five dollars damages and costs of suit. From which judgment defendants appealed to this Court.

*Robinson & Beatty* for Appellants.

Assigned the following points of error of the Court below:

1. The Court erred in overruling defendants' motion for nonsuit.

2. The Court erred in allowing parol evidence of the contents of the deed from Cooper to plaintiffs' grantors.

3. The Court below erred in permitting evidence of conveyance from Everett, Head, and Dean, to the plaintiffs to go the jury.

4. The Court below erred in refusing to defendants the right to show that there was an elder and better right to the water than plaintiffs, and that if any diversion of said waters was made by defendants, they were responsible only to the holder of that elder right.

The Court below erred in refusing to allow defendants to show that the first locator or appropriator of the waters, Spencer and Benson, were alone entitled to bring the action for the diversion complained of, and that if any damage was done by the diversion by defendants, they were responsible to Spencer and Benson only.

6. The Court below erred in refusing to allow defendants to show the existence of the suit for the same diversion by Spencer and Benson against these defendants.

*Heydenfeldt* for Respondents.

The second assignment is not well taken, because the com-

plaint avers that Everett, Head, and Dean, were the owners and successors in interest of Cooper.

The answer does not deny this fact.   The evidence admitted was therefore unnecessary to establish the right.

2. The third assignment is not well taken, because, the deed was the last evidence of the transfer of the right of Everett, Head, and Dean, to the plaintiffs.

3. The third, fourth, and fifth assignments, are not well taken, because—

1. No such defence is set up or relied on in the answer.

2. The subject matter is *res inter alios acta.*

3. The defence does not set up the rights of the third parties, nor pretend to claim under them.

4. The defence does not admit the rights of these third parties.

There is no denial in the answer of the conveyance from Cooper to Everett et al.   The only denial is of the sale and transfer to the plaintiffs.   That denial is insufficient.   The answer says : " From want of information to enable them to admit."   They might have knowledge of the fact from being present, and seeing the deed signed, and yet the answer would be true.   So the answer is only inferential.

How much information would enable them to admit ?   They are left to be the judges of that, for they failed to state that they have no information on that subject.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an action to recover damages for the diversion of water from the ditch of plaintiffs, and to enjoin defendants from continuing the nuisance.   The plaintiffs had judgment in the Court below, and the defendants appealed.

1. The first error assigned by defendants is, that the Court below erred in overruling defendants' motion for a nonsuit. This objection we think not well taken.   The evidence was sufficient to go to a jury.

2. The second error assigned is, that the Court erred in permitting parol evide .ce of the contents of the deed from Cooper to plaintiffs' imm- ate grantors, without accounting for the non-production of th  astrument.   In answer to this objection, the counsel of plaint' s insist that the fact was not denied in the answer.   The com aint and answer were both verified.   In the complaint it was alleged that Thomas Cooper and others constructed the ditch, and that " on the tenth day of October, 1855, and for a long time previous thereto, Charles H. Everett, John A. Head, and James M. Dean, were the owners and successors in interest of the said Thomas Cooper and others, of, in, and to, the said Georgia Ditch."   This allegation of the complaint is

met by the defendants, in their answer, by this denial: "And the said defendants deny, for want of information to enable them to admit, the sale and transfer of said Georgia Ditch to them, the said plaintiffs, as alleged in their said complaint."

In case the complaint be verified, the answer must contain a specific denial to each allegation of the complaint, controverted by the defendant, or a denial thereof according to his information and belief; and every allegation not so denied, shall, for the purpose of the action, *be taken as true.*      (§§ 46 and 65.)

The only consequence resulting from the failure of defendants to properly deny a particular allegation of the complaint, is, that the allegation shall be taken as true.   No motion to·set aside the answer is required; but it is held simply void, and raises no issue.

When the alleged fact is, from its nature, presumptively within the personal knowledge of the defendant, he cannot be permitted to answer upon information and belief, but must answer in the form positive.   And where, from the nature of the fact alleged, the knowledge, if any, of the defendant, is presumptively based upon information, he is not bound to deny, positively, but only "according to his information and belief."   In this case, the transfer from Cooper was the act of a *third* party; and unless it had been expressly alleged in the complaint that defendants knew that fact of their own knowledge, they could only be required to answer according to information and belief. But the defendant, in such case, must answer according to *both* his information and belief.   The answer in this case says nothing about the *belief* of the defendants.   It does not deny that defendants had *any* information, but simply avers a want of information to enable them to *admit,* not believe, the alleged fact. The object of the statute is to sift the conscience of the defendant, and obtain from him *his belief.*   He must answer according to his belief, whether that belief be founded upon sufficient or insufficient information.   The word "belief," as used in the statute, is to be taken in its ordinary sense, and means the actual conclusion of the defendant, drawn from information.   There is a clear distinction between positive knowledge and mere belief, and they cannot both exist together.

The defendant can know what is *his* belief, and can, therefore, state it.   This belief may be founded upon the statements of others, not competent witnesses, and not under oath, and not, therefore, legal testimony, to prove the fact in Court, if denied. Yet, if the defendant has formed a belief of the fact from this incompetent testimony, he must state it.   In making out *his* answer, he cannot undertake to decide whether the information upon which his belief is founded was legal testimony, or otherwise.   He must state facts only, and the fact of *his* belief is the only matter known to him.   If permitted to judge as to the

legal competency of the information upon which his actual belief is founded, then the object of the statute, in requiring him to answer *according to his belief*, would be defeated.

The only object in requiring the defendant to state his belief, is to dispense with the necessity of proof, on the part of the plaintiff. If, then, he admits that he believes the fact to be true, the fact stands as confessed. The clear result of this provision of our statute is conceived to be this : that the defendant must state his actual belief, whether founded upon mere hearsay evidence, general report, or other information ; and when he does so state it, he is precluded from controverting the alleged fact which he *believes*, but does not *know* to exist. The practical result is, that the plaintiff may establish the existence of a fact, not known to the defendant, by the defendant's mere belief, based upon incompetent evidence. The statute changes the law of evidence in favor of the plaintiff, and against the defendant. It permits the plaintiff to verify his complaint; and then the defendant is compelled to state his belief, as to facts he does not know to exist. And when those facts (unknown to the defendant) are alleged and sworn to by the plaintiff, upon his own knowledge, the defendant is compelled either to believe them to be true, or to believe the plaintiff guilty of perjury.

Under the construction we are compelled to give the statute, to make it practically operative, the answer contained no proper denial of the alleged fact. The rule is a hard one, but the remedy must be sought elsewhere. While the defendant is compelled to answer every material allegation in the complaint, the plaintiff is not required to answer new matter, set up by the defendant, but the same is deemed controverted, without any denial. But we must administer the law as we find it. This provision of our Practice Act would seem to be a fruitful source of moral, if not of legal perjury.

3. The third assignment of error depended upon the second, and is already disposed of.

4. The fourth, fifth, and sixth assignments of error, are substantially the same, and may be all considered together. The defendants offered to prove that there was an older and better right to the water, in Spencer and Benson, and that they had brought a suit against defendants, for the diversion of the same water. This proof was refused by the Court, and the defendants excepted.

This defence was not affirmatively set up in the answer. The plaintiffs, under the issues made by the pleadings, were only bound to establish a better right than the defendants. This they did, by proving a prior appropriation of the water by them. The simple denial, by the defendants, of all right in the plaintiffs, only put in issue the right of the plaintiffs to recover as against the defendants. The defendants, being in the actual

possession and use of the water, had a good *prima facie* right to it; but when the plaintiffs proved a prior possession and use, they overcame this *prima facie* case of defendants. The *prima facie* case made out by the plaintiffs was of exactly the same character as that of the defendants, but it was prior, in point of time, and, therefore, as to it, superior. If, then, the defendants wished to overcome the *prima facie* case of plaintiffs, by showing that they were not trespassers upon them, but upon an older and better right, if trespassers at all, they should have specially set up such matter, and made Spencer and Benson parties to the suit, by filing an answer in the nature of a cross-bill. A trespasser should not be held liable to pay the *damages* he has occasioned, except to the party rightfully entitled to them. But, if he wishes to avoid a double responsibility as to the damages, he must bring the proper parties before the Court. It may be that the holder of the true title may not wish to assert his right; and if he should not wish to assert his title, the defendant has no right to assert it for him. The failure to assert the paramount title must enure to the benefit of him who holds the *oldest prima facie title*. If any one acquires a title by adverse possession, it must be the party having the prior actual possession. The party having the prior actual possession is always entitled to recover the *possession* of the premises from the second possessor, when both claim only by possession, and the suit is only between the two parties.

Other points were alluded to in the oral argument before the Court, but cannot be noticed, because not stated among the points on file.

Judgment affirmed.