## ORD *v.* STEAMER UNCLE SAM.

A SPECIFIC allegation of a contract, in a verified complaint, is not sufficiently controverted by an answer stating that defendant has no knowledge or information respecting the same, and therefore denies the same; and no evidence of the contract would be necessary.

A contract, under Section 317, Practice Act, for the transportation of passengers from San Francisco to New York is an entirety, whether the entire voyage is to be performed in one vessel or not.

And a breach of such contract at any point, as leaving the passenger on the Isthmus, renders the vessel liable.

State Courts have jurisdiction in such cases, as per *Warner* v. *Uncle Sam*, (9 Cal. 697.)

APPEAL from the Seventh District.

Action against the defendant for breach of contract alleged to have been entered into on the part of defendant, by her agents and owners, to transport the plaintiff and his family, consisting of his mother-in-law and two children, to New York *via* Nicaragua, averring a deviation—transportation to Panama and detention there for seventeen days. Also, that plaintiff suffered greatly through mental anxiety—expended large sums of money in board, lodging, etc. at Panama, and suffered greatly through loss of time; also, averring damage by reason of sickness suffered by his daughter, and expenditure of large sums of money caused thereby.

The deviation is charged to have been willful on the part of agents and owners of defendant. Plaintiff demands judgment for ten thousand dollars damages and costs.

The complaint is verified, and is answered on the part of the defendant by Charles H. Baldwin, agent to the contract, as follows:

" That as to the contract alleged and set forth in said complaint, the defendant has no knowledge respecting the same, nor any information respecting the same, and the defendant there-

fore denies the existence or the making of such contract, and controverts each and every allegation in the complaint in reference thereto.

And whether the said plaintiff, or his family, or any or either of them, took passage in the said steamer Uncle Sam, for San Juan del Sur, and were transported to Panama, as stated in said complaint, the defendant has no knowledge or information sufficient to form a belief, and therefore denies the same," etc.

Plaintiff, having introduced his proof, rested; when, on motion of defendant, a nonsuit was granted, on the ground that the contract was not proved as alleged.

*Whitman & Wells,* for Appellant.

The answer does not deny the contract liability. (Pr. Act, Sec. 46; *Curtis* v. *Richards & Vantine,* 9 Cal. 33; *Humphreys et al.* v. *McCall et al.* Id. 59; *San Francisco Gas Co.* v. *The City,* Id. 453; *Edwards* v. *Lent,* How. Pr. 8, 28; *Thorn* v. *N. Y. Central Mills,* 10 Id. 19; *Chapman* v. *Palmer,* 12 Id. 37.)

*Delos Lake,* for Respondent. The question upon the sufficiency of the answer should have been made in the Court below, either by demurrer, as was done in the case of *Curtis* v. *Richards,* (9 Cal. 33,) or by motion to strike out the answer as sham or frivolous under Sec. 50 of the Practice Act.

The dictum to the contrary in *Humphreys* v. *McCall,* (9 Cal. 59,) is clearly wrong. (Sec. 68, Pr. Act.)

The fair interpretation of sections forty-six and sixty-five of the Practice Act, taken together, is that the general issue or a general denial, pleaded to a sworn complaint, is void. But the same consequences by no means follow when the answer contains a specific denial defectively stated. In such case, if the plaintiff elects to go to trial without objection to the error of mere form, he waives all objections to the sufficiency of the answer.

But, if the objection be available at the trial, the question remains whether the plaintiff can omit to notice it there and proceed with his proofs on the theory that the answer is sufficient, and for the first time spring the objection in the Appellate Court.

Now, although admissions in the pleadings may, under our

system, be read as evidence to the jury, yet, it must appear that their attention was called to it in some way during the trial. (*Wilks* v. *Forest*, 2 Duer. 317.) But the denial in the answer is positive. The language is, "denies the existence or making of such contract." What proceeds this positive denial is merely surplusage.

This case was argued twice. The first opinion, delivered by BURNETT, J.—TERRY, C. J. concurring, is as follows:

This suit was brought to recover damages for the non-performance of a contract to transport the plaintiff and his family from San Francisco to New York. Upon the trial the plaintiff was nonsuited, from which judgment he appealed.

1. It is insisted by the counsel of defendant that there was a fatal variance between the contract alleged and that which was proved. But upon looking into the answer, there is no proper denial of the contract as alleged in the complaint. (*Humphreys* v. *McCall*, 9 Cal. 59; *Curtis* v. *Vantine & Richards*, Id. 33.)

2. The second ground relied upon to sustain the judgment of nonsuit is that the contract declared on being for the entire transportation to New York, there was no lien on the Uncle Sam for the breach of it, and no suit could, therefore, be sustained against the vessel.

The code provides that "all steamers, vessels, and boats, shall be liable for non-performance or mal-performance of any contract for the transportation of persons or property, made by their respective owners, masters, agents, or consignees." (Sec. 317.)

It will be seen that under this provision the contract for transportation must be made with the "owners, masters, agents, or consignees," of the vessel. It is perfectly competent for the persons mentioned to make a contract for the transportation of persons or property from any one port to another; and the contract, when made, is an entirety, and must be enforced as such. The language of the clause is general, and not restricted to the single case where the entire voyage is to be performed by one vessel. If we give the clause the construction contended for, the logical result must be that no suit could be maintained

Ord *v.* Steamer Uncle Sam.

against the vessel, unless, by the terms of the contract, that vessel was to make the entire voyage.

In this case the contract was entire, and a failure at any point was a violation of the contract, for which the vessel was liable. The contract itself was made with the agents of the owners, and they had as much right to bind the vessel for the entire contract as for a part.

In case the defendant was only liable for the mal-performance which might occur between the ports of San Francisco and San Juan del Sur, and the vessel on the Atlantic side only liable for a violation on that part of the route, who would be liable for a violation of the contract on the Isthmus? And if the contract had been violated on all these different portions of the entire route, then three different suits would have been necessary upon the same contract. In that case, the owners of the vessel might well complain that an entire cause of action had been split up into three different parts, to their injury.

3. The question of jurisdiction was decided by this Court in the case of *Warner* v. *The Uncle Sam*, (9 Cal. 697.)

Judgment reversed, and cause remanded for further proceedings.

The second opinion was delivered by TERRY, C. J.—FIELD, J. concurring.

This was an action for the breach of a passenger contract.

The Court below nonsuited the plaintiff, on the ground that the contract was not proven as set out in the complaint.

This was an error; the specific allegation of the contract in the complaint was not sufficiently controverted by the answer, and no evidence on this point was necessary under the rule announced by this Court in the *San Francisco Gas Co.* v. *City of San Francisco*, (9 Cal. 453.) The defendants can amend their answer so as to require further proof than was necessary under the answer as it now stands. Judgment reversed, and cause remanded.