[No. 12624. In Bank. — February 20, 1889.]

H. WEINREICH ET AL., RESPONDENTS, *v.* THOMAS JOHNSTON, APPELLANT.

PARTNERSHIP — ACTION BY ON PROMISSORY NOTE EXECUTED TO INDIVIDUAL PARTNER — PLEADING. — In an action by a copartner on a promissory note alleged to have been executed to the firm, one of the plaintiffs cannot recover a personal judgment upon proof that the note was executed to him individually.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*J. C. Tubbs*, and *Matt F. Johnson*, for Appellant.

This action being brought by copartners, no evidence of an indebtedness to one of the plaintiffs only was admissible, and no judgment in favor of one of the plaintiffs could be rendered upon proof that the note was executed to him individually. (*Coles* v. *Campbell*, 3 Cal. 191; *McCord* v. *Seale*, 56 Cal. 262; *People* v. *Haggin*, 57 Cal. 579; *Estabrook* v. *Messersmith*, 18 Wis. 545; *Frans* v. *Young*, 24 Iowa, 375; *Benkshire* v. *Schulz*, 25 Ind. 523;

*Lipperd* v. *Edwards*, 39 Ind. 165; *Butges* v. *O'Neil*, 13 Ohio St. 72; *Curry* v. *Roundtree*, 51 Cal. 184; *McGregor* v. *Cleveland*, 5 Wend. 476; *Graves* v. *Boston Marine Ins. Co.*, 2 Cranch, 419.)

*Albert M. Johnson*, for Respondents.

The judgment in favor of the plaintiff, to whom the note was executed, was proper. (Code Civ. Proc., sec. 578; Pomeroy's Remedies and Remedial Rights, 223 et seq.; *Randall* v. *Hunter*, 69 Cal. 80.)

WORKS, J.—The respondents, H. Weinreich and F. Raschen, as partners doing business under the firm name of Weinreich & Co., sued the appellant in the court below on a promissory note and upon an account. The complaint contains the necessary averments showing the partnership, and a compliance with the statute with reference to the filing of a certificate thereof with the county clerk, and alleges in the first count that the defendant executed to the plaintiffs the promissory note sued on, and in the second count, the purchase of goods and merchandise, and the amount due therefor.

The defendant denied all of the material allegations of the first count, except the formal allegations as to the partnership, and admitted the allegations of the second count.

It was proved by the evidence, and found by the court, that the respondent Weinreich was, prior to the formation of the partnership alleged in the complaint, doing business individually, under the firm name of H. Weinreich & Co.; that the note sued on was executed to and was due to him, and not to the firm composed of the plaintiffs Weinreich and Raschen; and that the amount of the account was due to said firm. Upon these findings the court rendered judgment in favor of Weinreich, individually, for the amount of the note, and in favor of the firm for the amount found to be due on the account.

The defendant moved for a new trial, which was denied, and he appeals.

We think the judgment cannot be supported by reason or authority. As to the judgment in favor of Weinreich, individually, there is no pleading to support it. Weinreich was not a party to the suit in his individual capacity. The allegation of the complaint was, that the note was given to some one else, and there was no allegation of the execution of any note to him, and nothing to show an indebtedness to him from the defendant, or any averments upon which a judgment could rest.

But the respondent contends that the question of variance in the proof, or a misjoinder of parties, is not raised by demurrer or answer, and is therefore waived under section 434 of the Code of Civil Procedure. There was no misjoinder of parties. The plaintiffs alleged an indebtedness to the parties suing, and the defendant, in his answer, denied it. Not only was it not waived, but his defense was made, proved, and found in his favor by the court.

Counsel are right in their contention that this was not a case of variance. It was a clear case of failure of proof, which is quite another thing.

It is further claimed by the respondent that where a joint action is brought, a several judgment may be rendered in favor of a part of the plaintiffs, under section 578 of the Code of Civil Procedure, and that the very object of the section was to "dispense with such frivolous and technical objections as are now urged by the defendant in this case."

Let us stop to inquire to what this would lead us. A and B, as partners, sue C on a promissory note. C denies the execution of the note. He has a good defense on this ground. The proof sustains his answer, but it appears that if he did not give a note to A and B, he did execute one to A alone. If A had sued alone on his note, the defense interposed here could not have been made,

but a counterclaim or other valid defense might have been pleaded and proved. By taking the course pursued in this action, any such defense could be effectually avoided.

It seems to us that the objection made here is not frivolous, but goes to the heart of the case, and affects the most substantial right of the defendant. In our judgment section 587 of the code has no application to a case of this kind. To apply it here would be to authorize the rendition of a judgment for a party in whose favor no cause of action is stated in the complaint, and against a party who has had no notice of any such cause of action or any opportunity to meet it. (*McCord* v. *Seale,* 56 Cal. 262; *Coles* v. *Campbell,* 3 Cal. 191; *Curry* v. *Rountree,* 51 Cal. 184.) This would be in violation of the well-established elementary rule that the proof must correspond with the allegations of the complaint. A system of pleading and practice that would permit such a course as was pursued in this case would be a snare and a delusion. We had as well abolish all pleading at once. To allow such a practice would be equally violative of the code provision that every action must be prosecuted in the name of the real party in interest.

Counsel for respondent earnestly contends that his view is supported by Mr. Pomeroy in his work on remedies, and asks us to read carefully what is said on this subject by the learned author. We have complied with this request, and find nothing to support counsel's position.

The judgment and order appealed from are reversed, and cause remanded.

McFARLAND, J., SHARPSTEIN, J., PATERSON, J., and THORNTON, J., concurred.