[Civ. No. 2415.   Second Appellate District, Division One.—February 5, 1919.]

## MARGARET CULLEN et al., Respondents, v. WILLIAM H. FOSTER, Appellant.

JUDGMENT—PARTIES—RECOVERY BY ONE OF TWO PLAINTIFFS.—In view of the provisions of section 578 of the Code of Civil Procedure, it is not the law that where two or more persons join as plaintiffs in an action at law all must recover or none.

ID.—APPEAL—PRESUMPTION.—Where a defendant in an action by two plaintiffs for money had and received answered, denying indebtedness to the plaintiffs or either of them, and the court rendered judgment in favor of defendant as to one plaintiff and against the defendant as to the other, and the evidence is not brought up, it will be assumed on appeal that the issue in response to which the court found that defendant was indebted to the one in whose favor judgment was rendered was tried.

TRIAL—FINDINGS—CONFORMITY TO ISSUES.—In an action by two persons for money had and received, where the defendant denied indebtedness to either, a finding that the defendant was indebted to only one of the plaintiffs was responsive to the issues.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

S. E. Vermilyea and S. L. Carpenter for Appellant.

William Ellis Lady for Respondents.

SHAW, J.—In this appeal, prosecuted by defendant on the judgment-roll, he upon highly technical grounds asks for a reversal of a judgment which, while against him as to Merinda Foster, was, as to the plaintiff Margaret Cullen, in his favor.

The complaint is in two counts, the first alleging that defendant is indebted to plaintiffs in the sum of $1,475 for money had and received by him for their use and benefit, which sum, though demanded of defendant, he refused to pay to plaintiffs. In the second count, the subject of which is the same indebtedness, the transactions and evidentiary facts out of which the indebtedness arose are set out at length. Ap-

pellant makes no attack upon the sufficiency of either of these counts in stating a cause of action, but insists that, since it was alleged that defendant was indebted to both plaintiffs, the court could not render judgment for one only. "The rule," says appellant, "is that where two or more persons join as plaintiffs in an action at law, all must recover or none." We do not so understand the law. Indeed, section 578 of the Code of Civil Procedure provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." Appellant, in support of his contention, relies upon *McDonald* v. *Porah,* 136 Cal. 301, [68 Pac. 817], and *Weinreich* v. *Johnstone,* 78 Cal. 254, [20 Pac. 556]. Neither of these decisions is applicable to the facts in the instant case. In the first, it was merely held that, since the husband was a necessary party in an action against the wife, judgment should not be taken against her without service upon such necessary party. The second case was an action upon a promissory note alleged to have been given to a copartnership. The proof was that the note was made to one of the partners in his individual capacity, and, as he was not a party plaintiff, it was held no cause of action was stated in his favor; hence, section 578, *supra,* was not applicable. Moreover, defendant in his answer denied that he was indebted as alleged to plaintiffs, or indebted to *either of them.* In the absence of the evidence, which is not brought up, we may assume that the issue so presented was tried, in response to which the court found that defendant was indebted to the one in whose favor judgment was given. The findings, sufficient to support the judgment, are responsive to the issues tendered by the allegations contained in the first count and answer thereto.

The subject of the action was the net proceeds of the sale of a parcel of real estate, which, in the second count, plaintiffs alleged had been by Mrs. Cullen conveyed to Mrs. Foster for the purpose of enabling the latter to effect a sale thereof, the proceeds derived therefrom to be for the use and benefit of the grantor, to whom Mrs. Foster agreed to pay the same. In response to this allegation, the court found that at the time of commencing the action Mrs. Foster was the owner of the property in question, and that on June 19, 1913, de-

fendant, as attorney in fact, and agent of Mrs. Foster, and for her use and benefit, sold the same. Appellant's complaint as to this finding is that it is inconsistent with the plaintiffs' allegation, and hence error. We do not think so; but, conceding so much, defendant was not prejudiced by reason thereof. As shown by the record, he wrongfully obtained and appropriated to his own use money derived from the sale of a parcel of real estate, made under a power of attorney given him by Mrs. Foster, in which property she alleged her mother, Mrs. Cullen, had a beneficial interest. The effect of the finding was that, regardless of the capacity in which Mrs. Foster held the title, she was, for the purpose of obtaining redress for defendant's wrong, the legal owner thereof, and, hence, the court adjudged that the defendant pay the proceeds so wrongfully withheld to Mrs. Foster, to whom his obligation was due. Whether she responded to the one for whom she claimed to be trustee was a question with which he was in no wise concerned. In our opinion, the provisions of section 578 of the Code of Civil Procedure are as applicable to the second count as they are to the first. In no event is he shown by the record to have been prejudiced by the rulings made.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur J., and Lennon, J., concurred.