[Civ. No. 6008.  First Appellate District, Division One.—November 2, 1927.]

E. A. CURTIS et al., Respondents, v. NYE & NISSEN (a Corporation), Appellant.

Edw. R. Solinsky and Frank J. Burke for Appellant.

Emmett I. Donohue and G. P. Hall for Respondents.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment on the verdict of the jury in favor of respondent E. A. Curtis Company and from the order denying a new trial.

The action was commenced on July 25, 1923, by the filing of a complaint by E. A. Curtis, an individual, against defendant, wherein three alleged causes of action were set forth based upon written instruments or drafts executed by defendant payable to the order of E: A. Curtis at Bank of Italy, San Francisco, and payment of which instruments or drafts was stopped. On August 29, 1923, defendant filed an answer admitting all the allegations of the complaint, but setting up a separate defense based upon the claim that the drafts were given for certain merchandise from E. A. Curtis, which it was alleged was not of the kind and character described in the agreement. The agreement, however, was in fact entered into between appellant and E. A. Curtis Company, a corporation, and not with E. A. Curtis in his individual capacity.

The case was regularly set, and on the day it was called for trial counsel for defendant asked permission of the court to file an amended answer, stating the action was being prosecuted by E. A. Curtis, as an individual, against defendant, and that defendant had filed its answer admitting all of the material allegations of the complaint and admitting the indebtedness as alleged therein to plaintiff; that as a matter of fact the admissions in the answer were of such a nature as to permit plaintiff to recover judgment without being required to offer any testimony whatever in support of the allegations of the complaint. Counsel further stated to the court that E. A. Curtis as an individual had never had any dealings whatsoever with reference to the matters alleged in the complaint and that the claims were upon claims and causes of action in favor of E. A. Curtis, a corporation; that if the action should proceed upon the pleadings on file that E. A. Curtis, the individual, would obtain judgment against defendant and that such judgment would not pay or satisfy the claims of the real party in interest, E. A. Curtis Company, a corporation; that the instruments sued upon were intended for, accepted by, and were for goods sold and delivered by E. A. Curtis,

the corporation, and that through inadvertence, mistake, and excusable neglect, and the similarity of names, defendant answered the complaint under the misapprehension that the action was being prosecuted by the corporation.

Defendant insisted that E. A. Curtis Company, a corporation, should be made a party to the suit in order to protect defendant in its rights under the contract, as the contract was entered into by defendant with the corporation.

The court permitted defendant to amend its answer and set up its alleged defense that plaintiff corporation failed to perform the conditions of its contract with defendant and deliver eggs in accordance with its terms and for which such instruments or drafts payable to E. A. Curtis were given, and permitted plaintiff to amend the complaint by making E. A. Curtis Company, a corporation, a party plaintiff. The defendant's counsel objected to the court permitting this latter amendment and refused to consent to the amendment by plaintiff. On this question the remarks of the trial court addressed to counsel for defendant are pertinent: "The Court: They could do it with your consent, couldn't they? It is a funny situation. One party wants to stand on the record just as it is, and you are coming and saying 'I made a mistake and I want to amend so as to get justice.' And they say 'if you want to amend, we want to amend.' Then you say, you are not willing for the other side to amend but that you want to amend. Mr. Solinsky: No, that is hardly the question, your Honor. The Court: They want to stand on the record technically, and you want it released until you can get in, then you want to stand technically on it.". Upon the showing and representations made by counsel for defendant to obtain leave to file an amended answer, the court permitted such filing, but in granting defendant the privilege sought so that the case might be tried on its merits permitted plaintiff also to amend by adding E. A. Curtis Company, a corporation, as a party plaintiff, which defendant claimed was necessary to a proper determination of the questions involved, but which defendant urges the court could not permit, but that E. A. Curtis Company was required to bring a new action. In other words, defendant conceded that under the original action as called for trial plaintiff was entitled to judgment; that such judgment would work an

injustice as defendant could not have the issues involved under the contract adjudicated; that it was necessary and justice required that E. A. Curtis Company, the corporation, be made a party plaintiff, but not in the present case in which defendant desired to amend its answer; that the action should be dismissed and a new action commenced by E. A. Curtis Company, setting up the same cause of action, changing only the name of the party plaintiff.

Defendant demurred to the amended complaint in which E. A. Curtis Company was added as a party plaintiff, the principal point in the demurrer and the only one urged being that there is a misjoinder of parties plaintiff. The demurrer was overruled, defendant answered, and the case was set for trial on a subsequent date and tried with a jury, which returned a verdict in favor of plaintiff E. A. Curtis Company.

Appellant urges as grounds for a reversal of the judgment: 1. The court erred in granting the motion of plaintiff E. A. Curtis to amend the original complaint in this action by adding as an additional party plaintiff thereto E. A. Curtis, the corporation; 2. (a) The court erred in overruling the demurrer of defendant to plaintiff's amended complaint; (b) the court erred in denying defendant's motion for a nonsuit; (c) the court erred in denying the motion of defendant for directed verdict; 3. The court erred in giving the following instructions to the jury, all of which instructions were proposed by plaintiffs, to wit, instructions numbered 24, 26, 27, 28, and 30; 4. The court erred in refusing and failing to instruct the jury as proposed by defendant in its proposed instructions as follows: Proposed instructions numbered 4, 7, and 8. The court erred in denying defendant's motion for a new trial; 6. The verdict was and is against law; 7. The evidence was insufficient to justify the verdict.

All of the assignments of error, excepting those which have to do with the giving and refusing to give instructions and the claim that the evidence was insufficient to justify the verdict, turn on the question of the right of the court to permit plaintiff E. A. Curtis to amend his complaint by adding "E. A. Curtis Company, a corporation," as a party plaintiff after allowing defendant to amend its answer showing that the drafts given E. A. Curtis and

payable to him in fact grew out of a contract executed by E. A. Curtis Company, a corporation, and appellant, and if the court's action in permitting such amendment was proper—unless the court erred in its instructions to the jury or the evidence is insufficient to justify the verdict—the appeal must be determined adversely to appellant's contention.

In *Gray* v. *Alderson's Admr.* (Ky.), 123 S. W. 317, in an action on certain notes, which defendant pleaded that plaintiff in his individual capacity was not the owner of, the question upon a similar state of facts as here presented is passed upon. In that case the supreme court of Kentucky uses this language: ''Nor is there any merit in the contention of appellant that the court erred in permitting the amended petition to be filed wherein plaintiff discloses the true ownership of the notes. It has been so frequently held that a trial judge is authorized at any time before trial, and even during the progress thereof, to permit amendments to be filed in furtherance of justice that a citation of authorities upon this point is deemed unnecessary. Certainly that rule has not been violated in this case. The defendant himself pleaded that plaintiff, C. L. Anderson, was not the owner of the notes sued on, and in response to that plea the plaintiff sets up the facts that by mistake of the draughtsman the suit had been prepared and thus far prosecuted in his own name rather than in his name as administrator of his deceased wife. *The pleadings in nowise changed the cause of action. It was still an effort to collect the same notes set up and described in the original petition, and to subject the same land therein described in satisfaction of this debt.* (Italics ours.) The trial judge not only did right to permit this amendment to be filed, but it would have been error for him to have refused to do so.''

In this state it has been the rule since the early case of *Polk & Hensley* v. *Coffin & Swain,* 9 Cal. 59, that the court has power to allow an amendment to a complaint by adding a party plaintiff. In that case Mr. Chief Justice Terry, delivering the opinion of the court and referring to an amendment adding a party plaintiff, said: ''It is always in the power of the court to allow an amendment to a complaint so it does not affect the substantial rights of the

parties; and, except there is evidence of a gross abuse of discretion in the exercise of this power, it is no ground for the reversal of the judgment." This case has not been overruled, but, on the contrary, the principle therein enunciated has been followed (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 Pac. 1077].)

In the present case defendant suffered no prejudice by bringing in E. A. Curtis Company as a party plaintiff, no issue being changed thereby. Where there is no attempt to state a new cause of action in an amended complaint, but merely the addition of a party to make the original cause of action complete, the amendment is proper (*Ruiz* v. *Santa Barbara Gas etc. Co.*, 164 Cal. 188 [128 Pac. 330]). The facts set forth in the amended answer which defendant asked leave to file made it necessary to a complete determination of the issues raised by such answer to add E. A. Curtis Company as a party plaintiff. Great liberality is indulged in such cases to the end that justice will be observed. When a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in (*Rabe* v. *Western Union Tel. Co.*, *supra*). Again, defendant was not taken by surprise nor prejudiced by the amendment complained of, as the case was originally called for trial on October 1, 1923, on the original complaint and answer, and after the amendments were permitted the case was set for trial at a subsequent date and was not actually tried until October 14, 1924, a year later. What defendant desired was that the issues existing between the corporation and itself be litigated, and that was precisely what occurred.

Appellant has cited us to *Thompson* v. *Turner*, 173 Ind. 593 [Ann. Cas. 1912A, 740, 89 N. E. 314], as holding that "it is a well settled rule that a complaint in the name of more than one person must show a good cause of action in all who join or it will be good as to none." Here, however, while plaintiff E. A. Curtis was not a necessary party plaintiff in the complaint as amended, he was, in view of the fact that the drafts were made payable to him individually, a proper party plaintiff. Again, plaintiff came into court confessing that through the error of counsel for defendant who drew the answer it must suffer judg-

ment to go against it for the amount prayed for unless it be permitted to file an amended answer, which permission was given. If the evidence did not show the right of E. A. Curtis to any judgment, defendant could have moved for a nonsuit as far as he was concerned. This for some reason it did not choose to do, and the verdict rendered was in favor of plaintiff E. A. Curtis Company and not E. A. Curtis. Should we concede appellant's objection to be sound, no miscarriage of justice has resulted and appellant was not prejudiced by reason thereof. ''Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves'' (Code Civ. Proc., sec. 578). ▊ Where two or more persons join as plaintiffs in an action at law, it is not the law that both must recover or none (*Cullen* v. *Foster*, 39 Cal. App. 625 [179 Pac. 695]).

Appellant has cited us to a number of authorities, including several California cases, in support of its contention. In those cases, however, the facts are not analogous to those presented here.

▊ Appellant urges that the court erred in giving certain instructions requested by plaintiff; that instruction number 24 was improper, and that instruction number 26 was the only instruction that should have been given upon the question of the measure of damage. Instruction number 24 complained of reads as follows: ''In estimating the damages, to a buyer or owner thereof, deprived of its possession the value of the property is deemed to be the price at which he might have bought an equivalent thing in the open market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice with reasonable diligence for him to make such purchase.'' We see no error in this instruction. It finds support in the Civil Code, sections 3354 and 3358, as also in *California Sugar & W. P. Agcy.* v. *Penoyar*, 167 Cal. 274 [139 Pac. 671], and *Fairchild* v. *Southern Refining Co.*, 158 Cal. 264 [110 Pac. 951].

▊ Instruction numbered 27, requested by plaintiff, which instructed the jury that if it found the instruments

were for the use and benefit of E. A. Curtis Company and E. A. Curtis individually had no interest in them, then any judgment found against defendant should be in favor of E. A. Curtis Company and E. A. Curtis individually would not be entitled to judgment in his favor, is objected to by appellant, as also does it complain of the refusal of the court to give its proposed instruction numbered 4 to the contrary—that is, that unless both plaintiffs can recover neither can recover. The action of the trial court in giving instruction numbered 27 and refusing to give instruction numbered 4 was proper (Code Civ. Proc., sec. 578; *Cullen v. Foster, supra*).

We find no error in the giving of instructions numbered 28 and 30. These instructions are to the effect that if defendant without fault or breach of the contract by plaintiff refused to pay for any shipment of eggs as and when such payments were due and payable, then plaintiff E. A. Curtis Company was entitled to rescind its contract, and that if the three instruments were given for adequate consideration to E. A. Curtis Company by defendant, then defendant was liable to E. A. Curtis Company (*Jensen v. Goss*, 39 Cal. App. 427 [179 Pac. 225]).

Instructions numbered 7 and 8 proposed by defendant were properly refused as they submitted questions of law to the jury, that is, as to whether the instruments in evidence were bills of exchange, drafts, or checks.

In our opinion the objection that the evidence is insufficient to justify the verdict is without merit.

This disposes of all errors assigned, and from what has been said it follows that the judgment and order should be affirmed, and it is accordingly so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 1, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1927.