[Civ. No. 5770. Second Appellate District, Division One.—March 6, 1930.]

E. C. WISEMAN, Plaintiff and Respondent; SIDNEY J. KASS, Plaintiff and Appellant, v. JOSEPH SKLAR et al., Defendants and Appellants.

Edward Brody for Plaintiff and Appellant.

Andreani & Haines, John L. Bisher, Jr., and Fred W. Morrison for Defendants and Appellants.

William Ellis Lady for Plaintiff and Respondent.

CRAIG (ELLIOT), J., *pro tem.*—Plaintiff Kass and defendants Sklar have appealed separately from the judgment of the Superior Court, but have presented their appeals under a combined transcript and on combined briefs. There is, therefore, no occasion for separate discussions of the appeals.

The defendants were the owners of an improved lot and a vacant lot in different sections of Los Angeles. They desired to have the building moved from the one lot to the other and there repaired, altered and improved. They had had various dealings with plaintiff Sidney J. Kass, then engaged primarily in the real estate business, and had confidence in his integrity and ability. They asked said Kass to undertake the supervision of the proposed work. Intervening conversations, if any, are not shown by the evidence, but on October 5, 1922, said Kass presented to defendants a form of agreement between defendants and plaintiff E. C. Wiseman. Defendants declined to execute such contract with Wiseman. Thereupon Wiseman's name was removed and the name Sidney J. Kass inserted and the agreement was then signed by both defendants and by Sidney J. Kass. Immediately thereafter, and without the knowledge of defendants, said Kass assigned said agreement to Wiseman. Wiseman thereupon commenced the work and carried same to completion. During all of the work defendants thought that Wiseman was merely the foreman of Kass under the contract and they did not know of the assignment until suit was commenced. The contract, after describing the properties, provides: "The party of the second part (Kass) agrees to furnish all necessary plans and details to complete this work; also to act as agent and generally superintend the work and purchase all materials and make all necessary contracts for labor, materials and other supplies pertaining to said construction. Best endeavors are to be used to make purchases at lowest possible price, discounts to be obtained where possible and allowed to parties of the first part. . . . The parties of the first part agree to pay all bills and make all payments and advance necessary funds upon certificates rendered by the party of the second part as the work progresses. All materials are to be contracted for in the names of the parties of the first part. In settlement for

the above services and all other services rendered by the party of the second part, necessary and incident to the moving, alteration, construction and completion of said building improvement work, said parties of the first part agree to pay, and the party of the second part agrees to receive ten per cent (10%) of the actual total net cost of all materials used and all labor performed in the construction and completion thereof; said ten per cent (10%) commission to be paid as the work progresses, the first and fifteenth of each calendar month.''

During the progress of the work defendants conferred from time to time with Kass; they paid $700 to Kass, who paid same to Wiseman; they paid Wiseman direct on bills presented $2,645, and they paid materialmen, etc., direct, the sum of $3,035.91, making a total expenditure by them of $6,380.91. There were left unpaid amounts aggregating $1651.08.

Appellants in their opening brief state: ''That during the progress of such removal operations, plaintiff Sidney J. Kass conducted himself as though he still retained the contract and that during the progress of the said work defendants frequently consulted said Kass relative to certain expenditures to be made to said Wiseman, whom the defendants believed to be an employee of said Sidney J. Kass.''

Said Wiseman commenced this action as sole plaintiff, the trial judge decided that Kass was a necessary party to the full disposition of the matter and ordered Kass brought in either as a party plaintiff or defendant. He came in as a plaintiff with Wiseman and amended pleadings were filed accordingly. During the trial and apparently by stipulation the court appointed an expert, who inspected the work and reported to the court, and the court found that the work had been performed in a good, workmanlike manner and that the prices obtained were fair and reasonable. The court determined that the contract was not assignable, but that since the work had been done and defendants had the benefit thereof they should be required to pay therefor, hence the court gave judgment in favor of plaintiff Kass against both defendants for said $1651.08, together with interest from the date of completion, making a total judgment of $2,113.38. The court then adjudged: ''That plaintiff Sidney J. Kass holds such judgment in trust for his

coplaintiff E. C. Wiseman and to that end the said Wiseman is entitled to a judgment against the said Sidney J. Kass for said sum of $2,113.38. That within ten days from notice of entry of this judgment the said Kass shall execute and deliver a good and sufficient assignment of his said judgment against the said Sklars, to said Wiseman, whereupon all claims of the said Wiseman against said Kass hereunder shall be satisfied and discharged. That if said Kass shall fail, refuse or neglect to execute said assignment within said period of ten days as herein ordered, the county clerk of Los Angeles County shall forthwith execute said assignment as the act of, and for the said Kass, with the same force and effect as if said Kass had executed the same, and forthwith deliver the same to said Wiseman, whereupon the said Wiseman shall be the owner of said judgment and all rights, benefits and privileges thereunder and all claims of said Wiseman against said Kass hereunder shall be satisfied and discharged.''

The specifications of errors contained in the bill of exceptions have been combined into a lesser number in the points presented in appellants' opening brief, and we consider the points as stated in said brief to be the matters upon which appellants now rely. These points are: ''(1) The evidence does not support the judgment in favor of plaintiff Sidney J. Kass against defendants or either of them; (2) The evidence does not support the judgment in favor of E. C. Wiseman and against plaintiff Sidney J. Kass cr against defendants or either of them; (3) The court erred in permitting the amendment of the complaint making Sidney J. Kass a party plaintiff.''

Upon point 1 appellants argue that because Sidney J. Kass assigned the agreement, together with all his right, title and interest therein, to plaintiff E. C. Wiseman without the knowledge or consent of defendants or either of them and further because said Kass testified ''that he had no money due or owing to him from defendants or either of them, under or by virtue of the contract, or otherwise, for the reason that he had'' assigned said contract and further because Kass had agreed to render personal services and had not rendered any personal services or furnished any materials, under no circumstances could plaintiff Kass be entitled to a judgment against defendants or either of them. Ap-

pellants therefore conclude that the judgment in favor of Kass and against defendants is wholly unsupported by any evidence and is contrary to the findings of the court. Upon this subject the court found "that at the time the said Kass assigned his interest in said contract to the plaintiff Wiseman, he, the said Kass, requested the said Wiseman to proceed with said work just the same as if he, the said Kass, were in charge thereof, and in truth and in fact all of said materials and labor and services were furnished and performed by the said Wiseman under his said assignment of said contract," also, "that the defendants Sklar have received the benefit of the goods, wares and merchandise, labor and services of the reasonable value of $8,031.30, ostensibly furnished by plaintiff Kass but in reality furnished by the plaintiff Wiseman."

These findings are supported by the evidence, but the real question is whether they (with the other findings of fact) will support the conclusion of law that Kass is entitled to a judgment against defendants.

"The burden of an obligation may be transferred with the consent of the party entitled to its benefit, but not otherwise, except . . . " (Civ. Code, sec. 1457.)

"It is not meant by this section to imply that a third person cannot assume the obligations of a contract between other parties, but only that he cannot relieve a party thereto from his obligations without the consent of the creditor." (Code commissioner's note [number 10] under sec. 1457, Civ. Code, Kerr's 1920 Cyclopedic Codes of California.)

The Supreme Court said in *Anderson* v. *De Urioste,* 96 Cal. 404, 407 [31 Pac. 266], in reference to this note: "We think this the correct construction of the section, and it was, in effect, so held by this court in *Cutting Packing Co.* v. *Packers Exchange,* 86 Cal. 574 [21 Am. St. Rep. 63, 10 L. R. A. 369, 25 Pac. 52]."

"The obligations of an assignor of a contract continue to rest upon him and he will be required to respond to the other party to the contract in the event of a default on the part of the assignee." (5 Cor. Jur. 977; *Anderson* v. *De Urioste, supra; Brady* v. *Fowler,* 45 Cal. App. 592, 595 [188 Pac. 320].)

It is therefore apparent that, irrespective of the legality or lack of legality of the assignment, plaintiff Kass

was at all times responsible to defendants under the contract. If Kass was responsible to defendants, then it must necessarily follow that defendants were responsible to said Kass (or his assignee) under the contract. The court found, upon sufficient evidence, that the work was done in a good workmanlike manner and that the prices were fair and reasonable. It is therefore apparent that defendants have not been injured by the fact that performance was done by Wiseman under an assignment found by the court to be invalid for the reason that said contract was by law not assignable, rather than done by Wiseman as an employee of Kass, as supposed by defendants during the progress of the work.

Undoubtedly that part of the contract which called for the purchasing by Kass of materials in the name of defendants is not capable of assignment. But all accounts, if any, contracted by Wiseman in the name of defendants were inspected and paid by defendants prior to the commencement of this action. As to the materials and labor furnished and paid for directly by Wiseman defendants made no objection to same not being directly in their names until in this action and in fact they paid on same all but above-stated balance. Since they have not been injured and have what they expected to get, they cannot now be heard to complain.

We turn next to the second point raised by appellants, to wit, that the evidence does not support the judgment in favor of E. C. Wiseman and against plaintiff Sidney J. Kass or against defendants or either of them.

As regards the defendants it will suffice to say they are not concerned with what happens to the judgment against them and in favor of Kass so long as they have full protection from liability beyond a single payment of said judgment. This protection they have under the judgment as rendered. Likewise, plaintiff Kass has no cause to complain. He has not been out anything and cannot now be called upon for anything further under the contract.

As to the third point, to wit, that the court erred in permitting the amendment of the complaint making Sidney J. Kass a party plaintiff, defendants argue that thereby and by the judgment they have been deprived of a complete

defense which they had on the original complaint as against the plaintiff Wiseman, to wit, a lack of privity of contract.

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, . . . to be filed . . . '' (Code Civ. Proc., sec. 389.) "The court may in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars." (Code Civ. Proc., sec. 473.) "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Code Civ. Proc., sec. 578.)

"The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., sec. 580.)

"It is always in the power of the court to allow an amendment to a complaint so it does not affect the substantial rights of the parties; and, except there is evidence of gross abuse of discretion in the exercise of this power, it is no ground for the reversal of the judgment." (*Polk & Hensley* v. *Coffin & Swain,* 9 Cal. 59; *Curtis* v. *Nye & Nissen,* 86 Cal. App. 507 [261 Pac. 747]; *Rabe* v. *Western Union Tel. Co.,* 198 Cal. 290 [244 Pac. 1077].) Where two or more persons join as plaintiffs in an action at law, it is not the law that both must recover or none. (*Cullen* v. *Foster,* 39 Cal. App. 625 [179 Pac. 695]; *Curtis* v. *Nye & Nissen, supra.*)

Appellants state in their reply brief: "The evidence fully discloses that Kass did not ask to be brought in as a party plaintiff, but was brought in over his objection by order of

court.'' We cannot agree with this statement. The bill of exceptions shows that ''plaintiff (Wiseman) upon the suggestion of the trial court, asked leave to amend the complaint by adding plaintiff Sidney J. Kass as a party plaintiff, to which defendants objected; thereupon the court ordered the complaint to be amended making Sidney J. Kass also a party plaintiff.'' Thereafter the amended complaint was filed. Defendants answered without demurrer and thereafter went to trial. The order *re* amendment was made March 4, 1927, and the trial was thereupon continued to and had on March 31, 1927. The findings of fact as made by the trial court contain the following recital: ''The said Sklars further urge the defense that as Kass was the real contractor and was not a party to the action they could not offset any claim which they claimed to have against him for a failure to do the work properly and for excessive charges and other defenses. . . . It therefore became apparent to the court that a complete determination of the controversy could not be had without the presence of said Kass as a party hereto, thereupon the said court ordered plaintiff Wiseman to immediately bring in the said Kass, either·as a party defendant or a party plaintiff, and by amended or supplemental pleadings, in order that full and complete justice might be done between all the parties hereto.'' Said Kass did come in as a party plaintiff, he did not object to so doing and his appearance was voluntary, i. e., without service of any process. Had he not have come in voluntarily, doubtlessly he would have been brought in as a party defendant, but the fact remains that he did come in voluntarily.

In the case of *Martin* v. *Howe,* 190 Cal. 187, 193 [211 Pac. 453, 456], the Supreme Court again declared, as said court had declared theretofore in *Grain* v. *Aldrich,* 38 Cal. 514 [99 Am. Dec. 423]: ''Legal and equitable relief are administered in the same forum, and according to the same general plan. A party cannot be sent out of court, merely because his facts do not entitle him to relief at *law,* or merely because he is not entitled to relief in *equity,* as the case may be. He can be sent out of court only when, upon his facts, he is entitled to *no relief,* either at law or in equity.''

In the case of *Taboada* v. *Sociedad Espanola, etc.,* 191 Cal. 187 [27 A. L. R. 1058, 215 Pac. 673], the Supreme Court said: ''It is clear that a right result was reached and under the provisions of section 475 of the Code of Civil Procedure and the requirements of the provisions of section 4½ of article VI of the Constitution, no miscarriage of justice having resulted, the error, if any, of the trial court in overruling the demurrer, cannot be availed of to secure a reversal of the judgment. (*Atlas Development Co.* v. *National Surety Co.,* 190 Cal. 329 [212 Pac. 196].) In *Pleasant School Tp.* v. *Fultz,* 79 Ind. App. 27 [137 N. E. 60], the court, applying a statute similar in effect to the provisions of the above-cited sections of the code and Constitution, held that 'no objection taken by demurrer and overruled shall be sufficient to reverse the judgment if it appear from the whole record that the merits of the cause have been fairly tried and determined.' ''

When a judgment, if satisfied, will protect defendant from further suit, annoyance or loss and the action has afforded defendant the opportunity to assert in that action all the defenses, causes of action on cross-complaint and counterclaims available to him as against the cause of action and time has been allowed for preparation for trial, defendant's objection to the bringing in of an additional party plaintiff, of itself, will not justify a reversal of that judgment.

We deem it unnecessary to determine herein whether or not the coming in of Kass as a party plaintiff was in law an error because we cannot see that defendants have in any manner been prejudiced thereby. No judgment shall be set aside for any error as to any matter of pleading or of procedure, unless, after an examination of the entire case, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.) We have made such examination and have found no miscarriage of justice.

The judgment is affirmed as to both appeals.

Houser, J., concurred.

CONREY, P. J., Dissenting.—I dissent. If it be true, as seems to be conceded, that Wiseman had no cause of action

against the defendants, it must follow that the controversy between the plaintiff and the defendants would necessarily be determined completely by the judgment that would have been rendered. Kass had no interest, either legal or equitable, in the controversy between those parties. The defendants had a right to have that controversy ended by a decision on its merits, without the intervention of a new plaintiff who had no interest in the pending claim of the plaintiff against the defendants.

If Wiseman had any right of action against Kass, it was a right of action at law for money due on a contract of employment. He had no lien of any kind on the indebtedness of the defendants to Kass. From every point of view, the decision of the trial court is clearly against law.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 31, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 5, 1930.