[Civ. No. 18198.  First Dist., Div Two.  Apr. 8, 1959.]

CALIFORNIA CENTRAL AIRLINES (a Corporation), Appellant, v. F. J. FRITZ et al., Respondents.

Joseph Bernfield and Lee J. Cohen for Appellant.

William L. Beeman for Respondents.

DRAPER, J.—Plaintiff appeals from summary judgment in favor of defendants. (Code Civ. Proc., § 437c.) Complaint filed May 18, 1956, in its caption listed "California Central Airlines, a California córporation" as plaintiff, and alleged that plaintiff is a California corporaton. The complaint alleged that by an oral contract made May 10, 1956, defendants agreed to lease to plaintiff a described commercial aircraft. It was alleged that plaintiff had paid $500 and had delivered specified airplane equipment to defendants on account of rentals, but that defendants had refused to perform the agreement on their part. The answer consisted in large part of denials but did admit receipt of the $500 payment and of the aircraft equipment described in the complaint.

At pretrial conference December 4, 1957, plaintiff's attorney stated that the action had inadvertently been filed in the name of the wrong corporation, and that in fact the contract was by California Coastal Airlines, a California corporation, doing business as California Central Airlines. The case was dropped from the pretrial calendar. Plaintiff filed its motion to amend the complaint by substituting as plaintiff California Coastal Airlines. Defendants moved for summary judgment. Affidavits were filed by both sides. After hearing, the court denied leave to amend and granted summary judgment in favor of defendants.

The affidavits show that a California corporation known as California Central Airlines, Inc., once existed, but was dissolved in 1953 and succeeded by California Central Airlines, Inc., a Nevada corporation. This latter corporation was adjudicated a bankrupt in 1955 and was suspended from doing business in California January 2, 1957. California Coastal Airlines was incorporated in California before March 23, 1955, and on that date filed of record its certificate of doing business under the fictitious firm name of California Central Airlines. It will be noted that all the events listed in this paragraph occurred before the making of the agreement here sued upon, and, of course, before filing of the complaint herein,

438

Defendants rely upon the general rule that an amendment "must neither state a new or different cause of action nor substitute or bring in any new or different party" (37 Cal. Jur.2d 375, Parties, § 43) and cite many cases to that general effect. However, as is so commonly true of the broader generalities of the law, there are many qualifications of the rule.

Literally applied, the above language would bar amendment of any pleading to which a general demurrer is sustained. Clearly that view is unacceptable. ■ Actually "[i]n determining whether a wholly different cause of action is introduced by the amendment technical considerations or ancient formulae are not controlling; nothing more is meant than that the defendant not be required to answer a wholly different legal liability or obligation from that originally stated." (*Klopstock* v. *Superior Court,* 17 Cal.2d 13, 20 [108 P.2d 906, 135 A.L.R. 318].) In Klopstock a stockholder's representative action was brought by the executor of the will of the widow of a deceased stockholder. The District Court of Appeal reversed judgment in favor of plaintiff on the ground that the husband's estate was the proper party plaintiff. After remittitur, the trial court granted the motion of plaintiff executor to substitute the husband's personal representative as plaintiff. Defendants sought mandamus to compel dismissal. The Supreme Court held that the amendment was properly allowed. We are unable to distinguish the facts of the case at bar. Amendment has been permitted to add "E. A. Curtis Company, a corporation" as plaintiff in an action brought by E. A. Curtis, individually, and judgment for the corporation alone was affirmed. (*Curtis* v. *Nye & Nissen,* 86 Cal.App. 507 [261 P. 747].)

■ The rule and the reasoning of these decisions indicate that plaintiff should be allowed to amend. The obligation asserted by plaintiff is fully described in the complaint. The answer reveals that defendants are fully aware of the details of the transaction out of which it is claimed to arise. The affidavits do not show that any corporation named California Central Airlines (without the "Inc.") ever existed. The only entity called California Central Airlines shown ever to have existed is the corporation sought to be substituted, doing business under that name. Defendants' affidavits nowhere seek to show that the original complaint in any way misled them as to the transaction sued upon or the true party asserting the claim against them. In no sense would they be required to "answer a wholly different legal liability or obligation from

that originally stated.'' Of course, the evidence may reveal that the substituted plaintiff is not the lessee named in the oral agreement, or is not qualified to sue. But these are issues to be determined upon the amended complaint.

In the cited cases, the trial court had permitted amendment, and the appellate court affirmed such exercise of discretion. However, the rule is equally clear that denial of leave to amend is, in similar circumstances, reversible error. (*Rabe* v. *Western Union Tel. Co.*, 198 Cal. 290 [244 P. 1077].) Such denial is comparable to sustaining of a demurrer without leave to amend and, in the circumstances here present, requires reversal. (*Ginsberg Tile Co.* v. *Faraone*, 99 Cal.App. 381, 388-389 [278 P. 866]; see also 2 Witkin, California Procedure, § 594[2].) Had plaintiff been permitted to amend its complaint, the ground upon which summary judgment was granted would disappear.

Judgment reversed, with directions to the trial court to grant plaintiff's motion to amend.

Kaufman, P. J., and Dooling, J., concurred.